Alan Harris (SBN 146079)
Matthew E. Kavanaugh (SBN 239961)
HARRIS & RUBLE
5455 Wilshire Boulevard, Suite 1800
Los Angeles, California 90036
Telephone: 323.931.3777
Facsimile: 323.931.3366
aharris@harrisandruble.com

David S. Harris (SBN 215224)
NORTH BAY LAW GROUP
901 Irwin Street
San Rafael, California 94901
Telephone: 415.460.5300
Facsimile: 415.460.5303
dsh@northbaylawgroup.com

Attorneys for Plaintiff
AYISHA COMBS

E-filing

FILED
JUL 1 6 2009
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

AYISHA COMBS, individually and on behalf of all others similarly situated,

Plaintiff,

v.

JENNIFER CONVERTIBLES, INC., a Delaware Corporation,

Defendant.

CV 09 3242 BZ Case No.

**CLASS ACTION COMPLAINT**

1. Failure to Pay Overtime Compensation, California Labor Code
2. Failure to Provide Accurate Itemized Wage Statements
3. Failure to Pay Overtime Compensation, Fair Labor Standards Act
4. Failure to Provide Adequate Meal Periods
5. Failure to Provide Adequate Rest Periods
6. Continuing Wages
7. Violations of Section 17200 *et seq.* of the California Business and Professions Code
8. California Labor Code § 2802, Indemnification for Expenditures or Losses in Discharge of Duties

**DEMAND FOR JURY TRIAL**

Plaintiff, Ayisha Combs, by and through the undersigned attorneys, alleges as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441(b). Defendant Jennifer Convertibles, Inc. ("JCI") constitutes an "enterprise" within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203. See 29 U.S.C. § 203(r) (defining "enterprise"). Defendant is engaged in interstate commerce, with annual sales in excess of $1,000,000 and with more than 400 employees nationwide. This Court has federal-question jurisdiction under 28 U.S.C. § 1331. Furthermore, under 28 U.S.C. § 1367, this Court may exercise supplemental jurisdiction over Plaintiff's state-law claims. There are no grounds that would justify this Court's declining to exercise its jurisdiction pursuant to 28 U.S.C. § 1367. See 28 U.S.C. § 1367(c) (explaining grounds on which courts may decline to exercise supplemental jurisdiction).

**PARTIES AND JURISDICTION**

2. Plaintiff Ayisha Combs (hereinafter, "Plaintiff") is an individual who, during the time periods relevant to this Complaint, was employed by JCI. Plaintiff currently resides in the City of Santa Rosa, in the County of Sonoma, State of California. At all relevant times herein, JCI served as the employer of Plaintiff and the Class Members whom Plaintiff seeks to represent in this putative Class Action. Specifically, from approximately March 14, 2007 through approximately March 24, 2009, Plaintiff was employed by JCI as a Sales Associate at a various showrooms through the greater San Francisco Bay Area. Plaintiff was terminated by JCI on or about March 24, 2009, and Plaintiff has not worked for JCI since this date.

3. Defendant JCI was and is a Delaware Corporation doing business within the State of California. JCI engages in the ownership and licensing of sofabed and specialty retail stores and leather specialty retail stores throughout the United States. JCI is headquartered in Woodbury, New York. In addition to doing business in the State of California, JCI does business in all of the following states: Arizona, Connecticut,

Florida, Georgia, Illinois, Maryland, Massachusetts, Michigan, Nevada, New Hampshire, New Jersey, New York, North Carolina, Pennsylvania, Virginia and Washington D.C. JCI maintains at least thirty facilities dispersed throughout Northern and Southern California. At all relevant times JCI employed Plaintiff and numerous other employees in these facilities. JCI has significant contacts with this judicial district and the activities complained of herein occurred in whole or in part, in this judicial district.

## NATURE OF THE CASE

4. Plaintiff worked as a non-exempt sales representative for JCI. In her capacity as a non-exempt sales representative, Plaintiff worked in JCI showrooms where she sold sofabeds and companion pieces, such as sofas, loveseats, chairs, and ottomans, as well as tables, lamps, and rugs.

5. As set forth in the JCI sales training manual, true and correct copies of portions of which are attached hereto as Exhibit 1, JCI showrooms were open Monday through Friday, from 10:00 AM until 9:00 PM, Saturday from 10:00 AM until 6:00 PM and on Sunday from 11:00 AM until 6:00 PM. JCI employees were required to begin work 15 minutes before the store was scheduled to open. After the store closed, JCI employees were to stay working until they finished closing down for the day, which often required an additional 2 hours of work after the store had closed to the public. Thus, JCI employees, including Plaintiff, were regularly required to work in excess of 11 hours in a single work day. For example, JCI employees, including Plaintiff, were regularly scheduled to work from 10 AM until 9 PM. True and correct copies of Plaintiff's work schedules are attached hereto as Exhibit 2. Often, however, when an employee was scheduled to work from 10 AM until 9 PM, or 11 hours, that employee would end up having to work well in excess of 12 hours in order to finalize paperwork and close the showrooms.

6. JCI employees, including Plaintiff, often worked an entire shift by themselves, without any other JCI employees working with them in the JCI showroom. In such instances, the JCI employee was required to report to work at least 15 minutes

before the store was scheduled to open. The JCI employee would then work on the sales floor during the entire time the store was open to the public. Throughout the entire time the store was open, JCI instructed its employees, including Plaintiff, that the JCI store must be open at all hours without exception. For example, in the JCI employee sales manual there was a policy entitled, "N.C.S.O." which stands for No Customer Stands Outside! The "N.C.S.O." policy states, "[w]e must be available when our customers are out shopping. We must open on time, and remain opened [sic] all operating hours without exception!! No Customer Stands Outside!" A true and correct copy of JCI's "N.C.S.O." policy is attached hereto as Exhibit 3.

7. As JCI employees, including Plaintiff, were required to keep the showroom open throughout the working day, JCI employees, including Plaintiff, were unable to take any rest breaks, much less a 10 minute break every four hours worked. Furthermore, JCI employees, including Plaintiff, were unable to take a 30 minute lunch, during which the employee would be relieved of all duties, within the first five hours of the workday. Indeed, the JCI employee sales manual requires that "the store must remain opened [sic] all operating hours without exception" and "when working alone, please make sure to bring food/drink or be able to order for delivery so the store remains opened [sic] all operating hours." See Ex. 1. Not only did JCI not provide its employees, including Plaintiff, with the opportunity to take ten-minute rest breaks or a thirty minute uninterrupted lunch break, but JCI's written policies specifically precluded employees from taking any rest breaks or meal breaks.

8. JCI employees, including Plaintiff, were forced to work hours well in excess of eight hours in a day and forty hours in a week, yet JCI did not pay its employees, including Plaintiff, any overtime wages, as required by California and Federal laws.

9. JCI employees, including Plaintiff, were often required to drive long distances from one JCI store to another JCI store using the employee's personal vehicle in order, for example, to attend JCI meetings or to cover a workshift for an employee who called in sick. JCI employees were not compensated for the time it took to drive

from one store to another. Furthermore, JCI employees were not compensated for the business-related expenses involved in having to drive from one store to another. Furthermore, JCI employees, including Plaintiff, were often required to use their personal vehicles to run work-related errands. Once again, the JCI employees, including Plaintiff, were not compensated for time spent running these business-related errands nor were they compensated for the expenses involved in running the business-related errands.

10. This Complaint asserts claims against JCI for violations of California Labor Code sections 201, 202, 203, 204, 226, 226.7, 510, 512, 515, 1174, 1198 and 2802; violations of the relevant Wage Order of the Industrial Welfare Commission; violations of section 17200 *et seq.* of the California Business and Professions Code; and violations of the Fair Labor Standards Act ("FLSA").

11. This action is brought as a California, statewide class action on behalf of all individuals who, at any time during the four years preceding the filing of the original Complaint, through the present, were or have been employed by JCI in California. This action is also brought as a nationwide collective action on behalf of all individuals who, at any time during the three years preceding the filing of this Complaint, were or have been employed by JCI in the United States.

12. At all times relevant hereto, sections 510, 515, 1194, and 1198 of the California Labor Code and 8 California Code of Regulations section 11070[1] required (1) the payment of wages equal to one-and-one-half times an employee's regular rate of pay for all hours worked in excess of eight per day or forty per week and (2) the payment of wages equal to double the employee's regular rate of pay for all hours worked in excess of twelve per day and for all hours worked in excess of eight on the seventh day of work in any one workweek.

13. Similarly, at all times relevant hereto, the FLSA provided:

[N]o employer shall employ any of his employees who in any workweek is

---

[1] Section 11070 sets forth the relevant Industrial Welfare Commission Wage Order.

> engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1).

14. At all time relevant hereto, sections 226, 1174, and 1174.5 of the California Labor Code required employers to keep records of and provide employees with itemized wage statements showing the total hours worked.

15. At all times relevant hereto, sections 226.7 and 512 of the California Labor Code, as well as 8 California Code of Regulations section 11070, required employers to provide employees with a first meal period of not less than thirty minutes, during which the employees are to be relieved of all duty, before the employees work more than five hours per day. Sections 226.7 and 512 of the California Labor Code, as well as 8 California Code of Regulations section 11070, also required employers to provide a second meal period of not less than thirty minutes, during which they are again to be relieved of all duty, before the employees work more than ten hours per day. Similarly, sections 226.7 and 512 of the California Labor Code, as well as 8 California Code of Regulations section 11070, required employers to provide employees with ten-minute rest periods, during which the employees are relieved of all duty, for each four hours of work. As alleged herein, JCI has intentionally and improperly failed to provide meal and rest periods to its employees in violation of the California Labor Code and California Code of Regulations.

16. At all relevant times mentioned herein, section 226.7(b) provided that if an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for

each work day that the meal or rest period is not provided.

17. Compensation for missed rest and meal periods constitutes wages within the meaning of section 201 of the California Labor Code.

18. At all relevant times mentioned herein, section 203 of the California Labor Code provided:

> If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202 and 202.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until action therefor is commenced; but the wages shall not continue for more than 30 days.

19. Plaintiff contends that the failure of JCI to pay them within the time provided by sections 201 and 202 of the California Labor Code has been and is "willful" within the meaning of section 203 of the California Labor Code and that, accordingly, Plaintiff is entitled to the "continuing wages" provided for by section 203.

20. At all relevant times mentioned herein, section 1198 of the California Labor Code provided:

> The maximum hours of work and the standard conditions of labor fixed by the [Industrial Welfare Commission] shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by [an] order or under conditions of labor prohibited by [an] order is unlawful.

21. At all relevant times mentioned herein, Wage Order Number Four (as periodically amended) applied to Plaintiff.

22. Wage Order Four requires a one-hour wage premium for each day that an employee is not provided with a mandated ten-minute rest period per four-hour work period. Additionally, Wage Order Four requires a one-hour wage premium for each day that an employee is not provided with a mandated thirty-minute meal period for any shift

that is longer than five hours. Finally, Wage Order 4 requires that those who are employed more than eight (8) hours in any workday or more than 40 hours in any workweek receive overtime compensation.

23. At all relevant times mentioned herein, section 558 of the California Labor Code provided:

(a) Any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows: (1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. (3) Wages recovered pursuant to this section shall be paid to the affected employee.

24. Plaintiff contends that JCI's failure to comply with section 512 of the California Labor Code and with Wage Order Four subjects JCI to civil penalties pursuant to section 558.

25. Plaintiff also contends that JCI's failure to comply with section 226 of the California Labor Code subjects JCI to civil penalties pursuant to section 226.3 of the California Labor Code. At all relevant times mentioned herein, section 226 of the California Labor Code provided:

(a) Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the

employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided, that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

. . . .

(e) An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

. . . .

(g) An employee may also bring an action for injunctive relief to ensure compliance with this section, and is entitled to an award of costs and

reasonable attorney's fees.

JCI employed Plaintiff and Members of the Class, but failed to provide them with the data required by section 226 of the California Labor Code. For example, JCI failed to provide information concerning (1) the address of the legal entity that is the employer, (2) wages earned on account of meal and rest penalties, (3) the total hours worked by the employee, (4) the number of piece-rate units earned and any applicable piece rate, (5) the inclusive dates of the period for which the employee is paid, and (6) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. Exhibit 4 hereto reflects certain of Plaintiff's wage statements.

26. At all relevant times mentioned herein, section 226.3 of the California Labor Code provided:

> Any employer who violates subdivision (a) of Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250) per employee per violation in an initial citation and one thousand dollars ($1,000) per employee for each violation in a subsequent citation, for which the employer fails to provide the employee a wage deduction statement or fails to keep the records required in subdivision (a) of Section 226. The civil penalties provided for in this section are in addition to any other penalty provided by law.

27. At all relevant times mentioned herein, section 204(a) of the California Labor Code provided:

> All wages, other than those mentioned in Section 201, 202, 204.1, or 204.2, earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays. Labor performed between the 1st and 15th days, inclusive, of any calendar month shall be paid for between the 16th and the 26th day of the month during which the labor was performed, and labor performed

between the 16th and the last day, inclusive, of any calendar month, shall be paid for between the 1st and 10th day of the following month.

28. At all relevant times mentioned herein, section 510 (a) of the California Labor Code provided:

> Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of at least one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee. Nothing in this section requires an employer to combine more than one rate of overtime compensation in order to calculate the amount to be paid to an employee for any hour of overtime work. The requirements of this section do not apply to the payment of overtime compensation to an employee working pursuant to any of the following
>
> (1) An alternative workweek schedule adopted pursuant to Section 511.
>
> (2) An alternative workweek schedule adopted pursuant to a collective bargaining agreement pursuant to Section 514.

29. In regard to the employment of Plaintiff, the provisions of subparagraphs (1) and (2) of section 510 of the California Labor Code were inapplicable in that no alternative workweek schedule had been adopted pursuant to section 511 and Plaintiff's employment to which reference is hereinafter made was not governed by any collective bargaining agreement.

30. At all relevant times mentioned herein, section 1194 of the California Labor Code provided:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this . . . overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

At all relevant times mentioned herein, section 1194.2 of the California Labor Code provided:

> (a) In any action under . . . Section 1194 to recover wages because of the payment of a wage less than the minimum wage fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

31. Notwithstanding the foregoing requirements of law, Plaintiff was routinely denied payment of minimum wage and/or overtime wages.

32. JCI's conduct of requiring additional work from Plaintiff and Class Members in the absence of overtime and minimum wage pay, knowingly and intentionally failing to provide accurate itemized wage statements, failing to provide adequate meal and rest periods, and willfully failing to pay wages earned and unpaid promptly upon employees' termination or resignation, and failing to reimburse employees for pertinent expenses violates the above-referenced provisions of California law and also constitutes unfair competition and unlawful, unfair, and fraudulent acts and practices within the meaning of section 17200 et seq. of the California Business and Professions Code.

## CLASS-ACTION ALLEGATIONS

33. The class represented by Plaintiff (hereafter referred to as the "Class") consists of all individuals who, at any time during the four years preceding the filing of the original Complaint, through the present, were or have been employed by JCI in California (such persons herein referred to as "Class Members" and such period referred

to hereafter as "Class Period").

34. Plaintiff contends that the failure of JCI to provide the data required by section 226 of the California Labor Code entitles each Class Member to either actual damages or statutory damages, whichever is greater.

35. Plaintiff contends that the failure of JCI to pay wages as provided by section 226.7 of the California Labor Code entitles each Class Member to payment of such earned but unpaid wages owing on account of missed rest periods and meal breaks.

36. Plaintiff contends that the failure of JCI to pay overtime wages as provided by sections 204, 514 and 1194 of the California Labor Code entitles each Class Member to payment of such earned but unpaid overtime wages, JCI having, inter alia, failed to consider unpaid wages owed on account of missed rest periods and meal breaks in computing the overtime rate applicable to Plaintiff and Class Members.

37. Plaintiff contends that the failure of JCI to make final wage payments within the time provided by sections 201 and/or 202 of the California Labor Code has been and is "willful" within the meaning of section 203 of the California Labor Code and that, accordingly, each Class Member who has had his employment with Defendant JCI terminated is entitled to the "continuing wages" for which provision is made by section 203 of the California Labor Code.

38. Plaintiff contends that the failure of JCI to reimburse employee expenses in accord with the requirements of section 2802 of the California Labor Code has been and is in violation of law and that, accordingly, each Class Member who has unreimbursed expenses is entitled to the indemnification for which provision is made by section 2802 of the California Labor Code.

39. The number of Class Members is great, believed to be well in excess of 500 persons. It therefore is impractical to join each Class Member as a named plaintiff. Accordingly, utilization of a class action is the most economically feasible means of determining the merits of this litigation.

40. Despite the Class Members' numerosity, the Class Members are readily

ascertainable through an examination of the records that Defendant JCI is required by law to keep. Likewise, the dollar amount owed to each Class Member is readily ascertainable by an examination of those same records.

41. Common questions of fact and of law predominate in the claims of Class Members over individual issues regarding the money owed to each Class Member. Some of the common issues herein are described in Paragraph 45, infra.

42. There is a well-defined community of interest in the questions of law and fact common to the Class Members. Some of the common issues herein are described in Paragraph 45, infra.

43. Plaintiff's claims are typical of the claims of the Class Members, which claims all arise from the same general operative facts, namely, Defendant JCI did not compensate its employees as required by the California Labor Code and the Fair Labor Standards Act. Plaintiff has no conflict of interest with the other Class Members and Plaintiff and Plaintiff's counsel are able to represent the interests of the other Class Members fairly and adequately.

44. A class action is a superior method for the fair and efficient adjudication of this controversy. The persons within the Class are so numerous that joinder of all of them is impracticable. The disposition of all claims of the members of the class in a class action, rather than in individual actions, benefits the parties and the court. The interest of the Class Members in controlling the prosecution of separate claims against Defendant is small when compared with the efficiency of a class action. The claims of each individual Class Member are too small to litigate individually, and the commencement of separate actions in this Court would lead to an undue burden on scarce judicial resources. Further, the alternative of individual proceedings before the California Labor Commissioner is impractical inasmuch as that agency has insufficient resources to process such claims promptly and, under the provisions of California Labor Code section 98.2, if the individual class members were to succeed in obtaining awards in their favor, such awards are subject to appeal as a matter of right for a *de novo* trial,

leading to a multiplicity of such trials. Further, absent class treatment, employees will most likely be unable to secure redress given the time and expense necessary to pursue individual claims, and individual Class Members will likely be unable to retain counsel willing to prosecute their claims on an individual basis, given the small amount of recovery. As a practical matter, denial of class treatment will lead to denial of recovery to the individual Class Members.

45. **Community of Interest; Existence and Predominance of Common Questions of Law or Fact.** Common questions of fact and law exist as to all Class Members that predominate over any questions affecting only individual Class Members. These common legal and factual questions do not vary among Class Members and may be determined without reference to the individual circumstances of any Class Member. The questions include, but are not limited to, the following:

(a) Was such Class Member an employee of JCI?

(b) Was such Class Member paid his or her wages as provided by sections 201 and/or 202 of the California Labor Code?

(c) Did JCI fail to pay Class Members their overtime wages?

(d) Did JCI fail to provide Class Members with appropriate a thirty minute, uninterrupted meal break within the first five hours of the work period?

(e) Did JCI fail to provide Class Members with a mandated ten-minute rest period per four-hour work period?

(f) Did JCI commit unlawful business acts or practices within the meaning of California Business and Professions Code sections 17200 *et seq*.?

46. **Numerosity of the Class.** The Members of the Class are so numerous that the individual joinder of all of them is impracticable. Although the exact number and identities of Class Members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery directed to Defendant, Plaintiff believes and therefore alleges that there are at least five-hundred Class Members.

47. **Typicality of Claims.** Plaintiff's claims are typical of the claims of

Members of the Class, and Plaintiff's interests are consistent with and not antagonistic to those of the other Class Members whom he seeks to represent. Plaintiff and all Members of the Class have sustained damages and face irreparable harm arising from JCI's common course of conduct as complained of herein. The damages sustained by each Member of the Class were caused directly by JCI's wrongful conduct, as alleged herein.

48. **Adequacy of Representation.** Plaintiff will fairly and adequately protect the interests of Members of the Class. Her claims are not antagonistic to those of Class Members. Also, Plaintiff has retained attorneys who are experienced in the prosecution of class actions, including employment class actions, and Plaintiff intends to prosecute this action vigorously.

49. **Superiority.** A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all Class Members is impracticable. Even if every Class Member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous cases would proceed. Moreover, individualized litigation would present the potential for varying, inconsistent, or contradictory judgments, and it would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues. By contrast, the conduct of this action as a class action, with respect to some or all of the issues presented herein, presents few management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class Member. Plaintiff anticipates no difficulty in the management of this action as a class action.

50. The interest of each Class Member in controlling the prosecution of his or her individual claim against Defendant JCI is small when compared with the efficiency of a class action. The prosecution of separate actions by individual Class Members may create a risk of adjudications with respect to them that would, as a practical matter,

be dispositive of the interests of the other Class Members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class Members to protect their interests.

51. The prosecution of individual actions by Class Members would establish inconsistent standards of conduct for JCI.

52. JCI has acted or refused to act in respects generally applicable to the Class, thereby making appropriate final and injunctive relief or corresponding declaratory relief with regard to Class Members as a whole, as requested herein. Likewise, JCI's conduct as described above is unlawful, continuing, and capable of repetition, and it will continue unless restrained and enjoined by the Court.

53. In addition to asserting class-action claims, pursuant to California Business and Professions Code section 17200 *et seq.*, Plaintiff asserts a claim on behalf of the general public. Plaintiff seek to enjoin JCI from engaging in the unfair, unlawful, and/or deceptive business practices alleged in this Complaint, as well as to require JCI to pay restitution of all monies wrongfully obtained by it through its unfair, unlawful, and/or deceptive business practices. A representative action is necessary and appropriate because JCI has engaged in the wrongful acts described herein as a general business practice.

## FLSA COLLECTIVE-ACTION ALLEGATIONS

54. In this collective action, Plaintiff seeks to represent all individuals who, at any time during the three years preceding the filing of this Complaint, were or have been employed by JCI in the United States (the "COLLECTIVE ACTION MEMBERS").

55. Plaintiff is similarly situated with the COLLECTIVE ACTION MEMBERS in that: (a) Plaintiff and the COLLECTIVE ACTION MEMBERS were employed by JCI; (b) Plaintiff and the COLLECTIVE ACTION MEMBERS were not paid their overtime and minimum wages for all hours worked; (c) JCI knowingly and willfully violated provisions of the FLSA, by not paying Plaintiff and the COLLECTIVE ACTION MEMBERS their wages; (d) As a result of JCI's practice of withholding

compensation for all hours worked, Plaintiff and the COLLECTIVE ACTION MEMBERS have been similarly damaged in that they have not received timely payment in full of their earned wages.

56. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for liquidated damages, costs and attorneys' fees under the FLSA.

57. All individuals employed by Defendant should be given notice and be allowed to give their consent in writing, i.e., "opt in," to the collective action pursuant to 29 U.S.C. § 216(b).

**FIRST CAUSE OF ACTION**
**(Failure to Pay Overtime Compensation, California Labor Code)**
**(On Behalf of California Class Against Defendant)**

58. The preceding paragraphs of this Complaint are re-alleged and incorporated by reference.

59. Pursuant to Labor Code section 1194(a), Plaintiff may bring a civil action for overtime wages directly against the employer in Plaintiff's name without first filing a claim with the Department of Labor.

60. At all times herein relevant, the sections of the California Labor Code and of the California Code of Regulations referenced herein applied to the employment of Plaintiff and Class Members.

61. Pursuant to Labor Code section 1198, it is unlawful to employ persons for longer than the hours set by the Industrial Welfare Commission or under conditions prohibited by the California Code of Regulations.

62. At all times herein relevant, sections 510, 515, 1194, and 1198 of the California Labor Code and 8 California Code of Regulations section 11070 provided for the payment of overtime wages equal to one-and-one-half times an employee's regular rate of pay for all hours worked over eight per day or forty per week, as well as for the payment of overtime wage equal to double the employee's regular rate of pay

for all hours worked in excess of twelve in any day and for all hours worked in excess of eight on the seventh day of work.

63. Under the provisions of sections 510, 515, 1194, and 1198 of the California Labor Code and 8 California Code of Regulations section 11070, Plaintiff and each Class Member should have received overtime wages in a sum according to proof.

64. JCI owes Plaintiff and each Class Member overtime wages pursuant to sections 510, 515, 1194, and 1198 of the California Labor Code and 8 California Code of Regulations section 11070 according to proof at trial of the hours worked for the period of time from four years prior to the filing of the Complaint to date.

65. JCI has failed and refused, and continues to fail and refuse, to pay Plaintiff and Class Members the amounts that are owed. JCI's failure to pay Plaintiff and each Class Member who has quit his or her employment with JCI or whose employment has been terminated by JCI violates California Labor Code sections 201 and 202, which therefore subjects JCI to continuing-wages liability pursuant to section 203 of the California Labor Code for the period of time from four years prior to the filing of the Complaint to date.

66. Plaintiff, individually and on behalf of others similarly situated, requests payment of overtime compensation according to proof, interest, attorney's fees, and costs pursuant to Labor Code section 1194(a).

67. Plaintiff and the Class also request relief as described below.

## SECOND CAUSE OF ACTION

**(Failure to Provide Accurate Itemized Wage Statements)**
**(On Behalf of California Class Against Defendant)**

68. The preceding paragraphs of this Complaint are re-alleged and incorporated by reference.

69. At all times herein relevant, section 226 of the California Labor Code and 8 California Code of Regulations section 11070 required that employers provide employees with itemized wage statements showing (1) the address of the legal entity

that is the employer, (2) wages earned on account of meal and rest penalties, (3) the total hours worked by the employee, (4) the number of piece-rate units earned and any applicable piece rate, (5) the inclusive dates of the period for which the employee is paid, and (6) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. Moreover, Labor Code section 226(e) provided that, if an employer knowingly and intentionally fails to provide a statement with all of the above-referenced information, then the employee is entitled to recover the greater of all actual damages or $50 for the initial violation and $100 for each subsequent violation, up to a maximum of $4,000.

70. JCI has knowingly and intentionally failed to furnish Plaintiff and Class Members with timely, itemized statements showing: (1) the address of the legal entity that is the employer, (2) wages earned on account of meal and rest penalties, (3) the total hours worked by the employee, (4) the number of piece-rate units earned and any applicable piece rate, (5) the inclusive dates of the period for which the employee is paid, and (6) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. As a result, JCI is liable to Plaintiff and Class Members for the amounts provided by Labor Code section 226(e) for the period of time from the four years prior to the filing of the Complaint to date.

71. Plaintiff and the Class Members request relief as described below.

## THIRD CAUSE OF ACTION

**(Failure to Pay Overtime Compensation, Fair Labor Standards Act)**
**(On Behalf of Nationwide Collective Action Class Against Defendant)**

72. The preceding paragraphs of this Complaint are re-alleged and incorporated by reference.

73. Again, at all times herein relevant, the FLSA provided:

> [N]o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of

> goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a).

74. JCI has intentionally and improperly failed to pay Plaintiff and Collective Action Members overtime compensation to which they are entitled to receive for hours worked in excess of forty hours per week.

75. During their employment with JCI, Plaintiff and Collective Action Members were required to work a well in excess of forty hours a week without the payment of overtime wages and other benefits.

76. Accordingly, Plaintiff, individually and on behalf of others similarly situated, requests payment of overtime compensation according to proof, attorney's fees, and costs pursuant to 29 U.S.C. § 216(b).

## FOURTH CAUSE OF ACTION
### (Failure to Provide Adequate Meal Periods)
### (On Behalf of California Class Against Defendant)

77. The preceding paragraphs of this Complaint are re-alleged and incorporated by reference.

78. At all times herein relevant, section 226.7 of the California Labor Code and 8 California Code of Regulations section 11070 provided that employees must receive a first meal period of not less than thirty minutes before working more than five hours per day and a second meal period of not less than thirty minutes before working more than ten hours per day.

79. Because JCI failed to provide the required meal breaks to Plaintiff and other Class Members, its is liable to them for one hour of additional pay at the regular rate of compensation for each workday that the proper meal periods were not provided, pursuant to Labor Code section 226.7 and California Code of Regulations section

11070, for the period of time from the three years prior to the filing of the Complaint to date.

80. Plaintiff and the Class Members request relief as described below.

**FIFTH CAUSE OF ACTION**
**(Failure to Provide Adequate Rest Periods)**
**(On Behalf of California Class Against Defendant)**

81. The preceding paragraphs of this Complaint are re-alleged and incorporated by reference.

82. At all times herein relevant, section 226.7 of the California Labor Code and 8 California Code of Regulations section 11070 provided that employees must receive rest periods of ten minutes for each four hours of work.

83. Because JCI failed to provide the required rest breaks, it is liable to Plaintiff and other Class Members for one hour of additional pay at the regular rate of compensation for each workday that the proper rest periods were not provided, pursuant to Labor Code section 226.7 and California Code of Regulations section 11070, for the period of time from the three years prior to the filing of the Complaint to date.

84. Plaintiff and the Class request relief as described below.

**SIXTH CAUSE OF ACTION**
**(Continuing Wages)**
**(On Behalf of California Class Against Defendant)**

85. The preceding paragraphs of this Complaint are re-alleged and incorporated by reference.

86. At all times herein relevant, Labor Code sections 201 and 202 provided that employees must receive wages earned and unpaid promptly upon termination or resignation.

87. Because JCI has willfully failed to pay wages earned and unpaid promptly upon termination or resignation, JCI is liable for continuing wages under Labor Code section 203 for the period of thirty days for each former employee who is owed unpaid wages as herein claimed.

88. Plaintiff and the Class request relief as described below.

**SEVENTH CAUSE OF ACTION**

**(Violations of Section 17200 *et seq.* of the California Business and Professions Code)**
**(On Behalf of California Class Against Defendant)**

89. The preceding paragraphs of this Complaint are re-alleged and incorporated by reference.

90. JCI's acts constitute a continuing and ongoing unlawful activity prohibited by section 17200 *et seq.* of the California Business and Professions Code, and they justify restitution and the issuance of an injunction pursuant to section 17203 of the Business and Professions Code.

91. Labor Code section 90.5(a) articulates the public policy of this State to enforce minimum labor standards vigorously, including the requirements to pay overtime and benefits pursuant to Labor Code sections 510, 515, 1194, and 1198; the requirements to provide accurate itemized wage statements and to keep payroll records pursuant to Labor Code sections 226, 226.3, 1174, and 1174.5; the requirement to provide adequate meal and rest periods pursuant to Labor Code sections 226.7 and 512; and the requirement to pay wages earned and unpaid promptly upon termination or resignation pursuant to Labor Code sections 201 and 202. JCI's conduct of requiring certain employees to work an excessive amount of hours in the absence of overtime, without providing accurate itemized wage statements, without providing adequate meal and rest periods, and without paying wages earned and unpaid promptly upon termination or resignation directly violates state law, constitutes unfair competition and/or unlawful and unfair acts and practices within the meaning of section 17200 *et seq.* of the California Business and Professions Code.

92. Through the wrongful and illegal conduct alleged herein, JCI has acted contrary to the public policy of this State.

93. JCI engaged in unlawful business acts and practices by violating California law, including but not limited to, sections 201, 202, 226, 226.7, 510, 512, 515, 1174, 1194, and 1198 of the California Labor Code and 8 California Code of

Regulations section 11070.

94. Under the provisions of the section 17203 of the California Business and Professions Code, Plaintiff and each Class Member should receive restitution for JCI's failure to pay overtime wages, JCI's failure to provide accurate itemized wage statements and to keep payroll records, JCI's failure to provide adequate meal and rest periods, and JCI's failure to provide wages earned and unpaid promptly upon termination or resignation, in a sum according to proof for the period of time from the four years preceding the filing of the Complaint to date.

95. As a result of JCI's violations of the UCL, JCI has unjustly enriched itself at the expense of Plaintiff, Class Members, and the general public.

96. To prevent this unjust enrichment, JCI should be required to make restitution to Plaintiff and Class Members, as identified in this Complaint (and as will be identified through discovery into JCI's books and records), for the period of time from the four years preceding the filing of the Complaint to date.

97. Plaintiff also requests that the Court enter such orders or judgments as may be necessary to restore to any person in interest any money that may have been acquired by means of such unfair practices, as provided in section 17203 of the California Business and Professions Code.

98. Plaintiff and Class Members are "persons" within the meaning of section 17204 of the California Business and Professions Code, and each has standing to bring this claim for relief.

99. Injunctive relief is necessary to prevent JCI from continuing to engage in unfair business practices, as alleged herein. JCI has done, or is now doing and will continue to do or cause to be done, the herein-described illegal acts unless restrained or enjoined by the Court.

100. The conduct of JCI, as alleged herein, has been and continues to be deleterious to Plaintiff, Class Members and the general public. By this action, Plaintiff seeks to enforce important rights affecting the public interest within the meaning of

section 1021.5 of the California Code of Civil Procedure.

101. Pursuant to section 17203 of the California Code of Civil Procedure, Plaintiff, on behalf of himself and all current and former Class Members, requests injunctive relief and restitution of all sums obtained by Defendant in violation of section 17200 *et seq.* of the California Business and Professions Code for the period of time from the four years preceding the filing of the Complaint to date.

102. Plaintiff and the Class also request relief as described below.

**EIGHTH CAUSE OF ACTION**
(California Labor Code § 2802, Indemnification for Expenditures or Losses in Discharge of Duties)
(On Behalf of California Class Against Defendant)

103. Plaintiff repleads, realleges, and incorporates by reference each and every allegation set forth in the Complaint.

104. At all times relevant herein, the relevant portion of section 2802 of the California Labor Code provided:

> (a) An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful.
>
> (b) All awards made by a court or by the Division of Labor Standards Enforcement for reimbursement of necessary expenditures under this section shall carry interest at the same rate as judgments in civil actions. Interest shall accrue from the date on which the employee incurred the necessary expenditure or loss.
>
> (c) For purposes of this section, the term "necessary expenditures or losses" shall include all reasonable costs, including, but not limited to, attorney's fees incurred by the employee enforcing the rights granted by this section.

105. Plaintiff and the members of the Class were required by JCI to use their own

funds to provide for gas and tolls when traveling to and between JCI's showrooms. On information and belief, Plaintiff and Class Members have never been reimbursed for such costs, or depreciation on their vehicles. JCI required Plaintiff and Class Members to bring and use their vehicles to perform the required duties. Accordingly, Plaintiff and Class Members use of their vehicles for Defendant was in "direct consequence of the discharge of … her duties." Cal. Lab. Code § 2802(a).

106. To date, JCI has not reimbursed Plaintiff and/or the Class Members for their expenditures.

107. Accordingly, Plaintiff and the Class Members are entitled to damages in accordance with California Labor Code section 2802.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against JCI as follows:

**As to the First Cause of Action:**

1. For compensatory damages in an amount according to proof at time of trial representing the amount of unpaid overtime compensation owed to Plaintiff and Class Members for the period of time from four years prior to the filing of the Complaint to date.

2. For interest calculated according to law on any overtime compensation due from the day such amounts were due for the period of time from four years prior to the filing of the Complaint to date.

3. For reasonable attorney's fees and costs of bringing this suit pursuant to section 1194(a) of the Labor Code.

**As to the Second Cause of Action:**

1. For compensatory damages in an amount according to proof at time of trial for not providing accurate itemized wage statements to Plaintiff and Class Members for the period of time from the three years prior to the filing of the Complaint to date.

2. For reasonable attorney's fees and the costs of bringing this suit pursuant to section 226(e) of the California Labor Code.

**As to the Third Cause of Action:**

1. For compensatory damages in an amount according to proof at time of trial representing the amount of unpaid overtime compensation owed to Plaintiff and Collective Action Members for the period of time from three years prior to the filing of this Complaint to date.

2. For liquidated damages pursuant to 29 U.S.C. § 216(b).

3. For attorney's fees and the costs of bringing this suit pursuant to 29 U.S.C. § 216(b).

**As to the Fourth Cause of Action:**

1. For compensatory damages in an amount according to proof at time of trial representing the amount of unpaid compensation owed to Plaintiff and Class Members for inadequate meal periods for the period of time from four years prior to filing the Complaint to date.

2. For interest calculated according to law on any unpaid compensation due from the day such amounts were due for inadequate meal periods for the period of time from four years prior to filing the Complaint to date.

3. For reasonable attorney's fees and the costs of bringing this suit.

**As to the Fifth Cause of Action:**

1. For compensatory damages in an amount according to proof at time of trial representing the amount of unpaid overtime compensation owed to Plaintiff and Class Members for inadequate rest periods for the period of time from four years prior to filing the Complaint to date.

2. For interest calculated according to law on any overtime compensation due from the day such amounts were due for inadequate rest periods for the period of time from four years prior to filing the Complaint to date.

3. For reasonable attorney's fees and the costs of bringing this suit.

**As to the Sixth Cause of Action:**

1. For continuing wages pursuant to California Labor Code section 203 for

each instance of the willful failure to pay wages.

2. For the costs of bringing this suit.

**As to the Seventh Cause of Action:**

1. For an order requiring JCI to show cause, if any, why it should not be enjoined, as set forth herein above, during and after the pendency of this action.

2. For an order that JCI pay restitution of sums to Plaintiff and to each Class Members for JCI's past failure to pay overtime wages, withholding taxes, matching funds, Social Security, Medicare, Unemployment, and Worker's Compensation premiums in violation of section 17200 *et seq.*, in an amount according to proof, for the period of time from the four years prior to the filing of the Complaint to date.

3. For an order that JCI pay restitution of sums to Plaintiff and to each Class Member for JCI's past failure to provide accurate itemized wage statements and to keep payroll records in violation of section 17200 *et seq.*, in an amount according to proof, for the period of time from the four years prior to the filing of the Complaint to date.

4. For an order that JCI pay restitution to Plaintiff and to each Class Member for JCI's past failure to provide adequate meal and rest periods in violation of section 17200 *et seq.*, in an amount according to proof, for the period of time from the four years prior to the filing of the Complaint to date.

5. For an order that JCI pay restitution to Plaintiff and to each Class Member for JCI's past willful failure to pay wages earned and unpaid promptly upon termination or resignation in violation of section 17200 *et seq.*, in an amount according to proof, for the period of time from the four years prior to the filing of the Complaint to date.

**As to the Eighth Cause of Action:**

1. For compensatory damages in an amount according to proof at time of trial.

2. For interest calculated according to law on any damages.

3. For reasonable attorney's fees and the costs of bringing this suit.

**As to All Causes of Action:**

1. For such other and further relief as this Court may deem fit and proper.

DATED: July 15, 2009

HARRIS & RUBLE

Alan Harris
*Attorneys for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

DATED: July 15, 2009

HARRIS & RUBLE

Alan Harris
Attorneys for Plaintiff

# *EXHIBIT 1*

# JENNIFER CONVERTIBLES & LEATHER SALES TRAINING JANUARY 2009

**<u>Our showroom hours are</u>:**

| | |
|---|---|
| Monday-Friday | 10:00am – 9:00pm |
| Saturday | 10:00am – 6:00pm |
| Sunday | 11:00am – 6:00pm |

We do have 8 Sales Events a year when the hours on Saturday and Sunday are extended. Also some markets have varied hours, consult with your GM for exceptions.

You are responsible for your scheduled hours. You must arrive at 9:45am when opening on Monday-Saturday and 10:45am when opening on Sunday. The store must remain opened all operating hours without exception. On banking days, ensure that you arrive with enough time to complete the banking and still have the store opened for business by 10:00am if there is not double coverage.

When working alone, please make sure to bring food/drink or be able to order for delivery so the store remains opened all operating hours.

Each store is supplied with remote alarm devices. Please carry on your person or have readily available.

In the event you are unable to work, please contact the General Manager and Store Manager to ensure the store is covered and opened timely.

# *EXHIBIT 2*

***Please list the actual time of entrance and departure of the showroom on daily basis. Only work hours authorized by the General Manager. Tally and initial hours Sunday night. Fax to GM and keep original on file.**

# EMPLOYEE "SIGN-IN" TIME SHEET

## STORE: csa WEEK ENDING: 12.07.08

| | | EMPLOYEE (FULL NAME) | TIME IN | TIME OUT | | TOTAL HOURS | | EMPLOYEE TO INITIAL |
|---|---|---|---|---|---|---|---|---|
| Monday | 1 | John Gonzales | 930 | 230 | | 5 hrs | | |
| | 2 | | | | | | | |
| | 3 | Ayisha Combs | 2:00 | 9:00 | | 7hrs | | |
| | 4 | | | | | | | |
| Tuesday | 1 | John Gonzales | 930 | 9:00 | | 11hr 30m | | |
| | 2 | | | | | | | |
| | 3 | Ayisha Combs | OFF | OFF | | OFF | | |
| | 4 | | | | | | | |
| wed. | 1 | John Gonzales | OFF | OFF | | OFF | | |
| | 2 | | | | | | | |
| | 3 | Ayisha Combs | 930 | 9:00 | | 11hr 30m | | |
| | 4 | | | | | | | |
| Thursday | | John Gonzales | 930 | 9:00 | | 11hr 30m | | |
| | 2 | | | | | | | |
| | 3 | Ayisha Combs | OFF | OFF | | OFF | | |
| | 4 | | | | | | | |
| Friday | 1. | John Gonzales | OFF | OFF | | OFF | | |
| | 2 | | | | | | | |
| | 3 | Ayisha Combs | 930 | 7:00 | | 9hr 30m | | |
| | 4 | | | | | | | |
| Saturday | 1 | John Gonzales | 930 | 6:00 | | 8hr 30m | | |
| | 2 | | | | | | | |
| | 3 | Ayisha Combs | OFF | OFF | | OFF | | |
| | 4 | | | | | | | |
| Sunday | 1. | John Gonzales | OFF | OFF | | OFF | | |
| | 2 | | | | | | | |
| | 3 | Ayisha Combs | 11:00 | 6:00 | | 7hrs | | |
| | 4 | | | | | | | |

| | EMPLOYEE (FULL NAME) | TOTAL HOURS EACH EMPLOYEE | initials |
|---|---|---|---|
| 1 | John Gonzales | 38hrs. | |
| 2 | | | |
| 3 | Ayisha Combs | 37hrs | |
| 4 | | | |

**Managers Signature:** ______________________

INSTRUCTIONS:

1. Employee must sign-in and out using exact times each working day in order to get paid for that day
2. Fax this time sheet to your General Manager Sunday evening. They will use this to verify your payroll.
3. Keep a copy in the ihCompleted Time Sheetsle hanging folder at the store.

***Please list the actual time of entrance and departure of the showroom on daily basis. Only work hours authorized by the General Manager. Tally and initial hours Sunday night. Fax to GM and keep original on file.**

# EMPLOYEE "SIGN-IN" TIME SHEET

## STORE: csa WEEK ENDING: 12.14.08

| Day | No. | EMPLOYEE (FULL NAME) | TIME IN | TIME OUT | TOTAL HOURS | | EMPLOYEE TO INITIAL |
|---|---|---|---|---|---|---|---|
| Monday | 1 | John Gonzales | 930 | 9:10 | 11hr 30m | | | C |
| | 2 | | | | | | |
| | 3 | Ayisha Combs | CCL | CCL | | | |
| | 4 | | | | | | |
| Tuesday | 1 | John Gonzales | 930 | 9:10 | 11hr | 30min. | |
| | 2 | | | | | | |
| | 3 | Ayisha Combs | OFF | OFF | OFF | OFF | |
| | 4 | | | | | | |
| wed. | 1 | John Gonzales | CCL | CCL | | | |
| | 2 | | | | | | |
| | 3 | Ayisha Combs | 930 | 9:10 | | 11hr 30m | |
| | 4 | | | | | | |
| Thursday | 1 | John Gonzales | 930 | 9:10 | | 11hr 30m | |
| | 2 | | | | | | |
| | 3 | Ayisha Combs | OFF | OF | | | |
| | 4 | | | | | | |
| Friday | 1. | John Gonzales | 930 | 8:40 | | 10hr 30m | |
| | 2 | | | | | | |
| | 3 | Ayisha Combs | CCL | CCL | | CCL | |
| | 4 | | | | | | |
| Saturday | 1 | John Gonzales | OFF | OFF | | OFF | |
| | 2 | | 10 | 6 | | | |
| | 3 | Ayisha Combs | ~~OFF~~ | ~~OFF~~ | | 8hr | |
| | 4 | | | | | | |
| Sunday | 1. | John Gonzales | OFF | OFF | | OFF | |
| | 2 | | | | | | |
| | 3 | Ayisha Combs | 11 | 6 | | 7hr. | |
| | 4 | | | | | | |

| No. | EMPLOYEE (FULL NAME) | TOTAL HOURS EACH EMPLOYEE | | initials |
|---|---|---|---|---|
| 1 | John Gonzales | 44 hr | 20min. | C |
| 2 | | | | |
| 3 | Ayisha Combs | 26 hr | 30m | |
| 4 | | | | |

**Managers Signature:** ______________________

INSTRUCTIONS:

1. Employee must sign-in and out using exact times each working day in order to get paid for that day.
2. Fax this time sheet to your General Manager Sunday evening. They will use this to verify your payroll.
3. Keep a copy in the ihCompleted Time Sheetsle hanging folder at the store.

***Please list the actual time of entrance and departure of the showroom on daily basis.**
**Only work hours authorized by the General Manager. Tally and initial hours Sunday night.**
**Fax to GM and keep original on file.**

# EMPLOYEE "SIGN-IN" TIME SHEET

## STORE: csa WEEK ENDING: 12.28.08

| Day | | EMPLOYEE (FULL NAME) | TIME IN | TIME OUT | TOTAL HOURS | EMPLOYEE TO INITIAL | |
|---|---|---|---|---|---|---|---|
| Monday | 1 | John Gonzales | 10 | 9. | 11hrs | | [illegible] |
| | 2 | | | | | | |
| | 3 | Ayisha Combs | OFF | OFF | OFF | ✓ | |
| | 4 | | | | | | |
| Tuesday | 1 | John Gonzales | CBL | CBL | | | [illegible] |
| | 2 | | | | | | |
| | 3 | Ayisha Combs | 10 | 9 | 11hrs | | |
| | 4 | | | | | | |
| wed. | 1 | John Gonzales | 10 | 4 | 6hrs | | [illegible] |
| | 2 | | | | | | |
| | 3 | Ayisha Combs | OFF | OF | OFF | ✓ | |
| | 4 | | | | | | |
| Thursday | | John Gonzales | CHRISTMAS DAY | | | ✓ | |
| | 2 | | | | | | |
| | 3 | Ayisha Combs | | | | | |
| | 4 | | | | | | |
| Friday | 1. | John Gonzales | OFF | OFF | OF | | [illegible] |
| | 2 | | | | | | |
| | 3 | Ayisha Combs | 10 | 9 | 11hrs | | |
| | 4 | | | | | | |
| Saturday | 1 | John Gonzales | OFF | OFF | | | [illegible] |
| | 2 | | | | | | |
| | 3 | Ayisha Combs | 10 | 6 | 8hrs | | |
| | 4 | | | | | | |
| Sunday | 1. | John Gonzales | 11 | 6 | 7hrs | | [illegible] |
| | 2 | | | | | | |
| | 3 | Ayisha Combs | CBL | CBL | | | |
| | 4 | | | | | | |

| | EMPLOYEE (FULL NAME) | TOTAL HOURS EACH EMPLOYEE | initials |
|---|---|---|---|
| 1 | John Gonzales | 24hrs. | |
| 2 | | | |
| 3 | Ayisha Combs | 30hrs | |
| 4 | | | |

**Managers Signature:** [signature]

INSTRUCTIONS:

1. Employee must sign-in and out using exact times each working day in order to get paid for that day.
2. Fax this time sheet to your General Manager Sunday evening. They will use this to verify your payroll.
3. Keep a copy in the ihCompleted Time Sheetsle hanging folder at the store.

***Please list the actual time of entrance and departure of the showroom on daily basis. Only work hours authorized by the General Manager. Tally and initial hours Sunday night. Fax to GM and keep original on file.**

# EMPLOYEE "SIGN-IN" TIME SHEET

## STORE: csa WEEK ENDING: 09.21.08

| | | EMPLOYEE (FULL NAME) | TIME IN | TIME OUT | TOTAL HOURS | | EMPLOYEE TO INITIAL | |
|---|---|---|---|---|---|---|---|---|
| Monday | 1 | John Gonzales | off | off | off | | | |
| | 2 | | | | | | | |
| | 3 | Ayisha Combs | 10 | 9 | 11 | | | |
| | 4 | | | | | | | |
| Tuesday | 1 | John Gonzales | 930 | 9 | | 11.3 | | |
| | 2 | | | | | | | |
| | 3 | Ayisha Combs | off | off | off | | | |
| | 4 | | | | | | | |
| wed. | 1 | John Gonzales | off | off | off | | | |
| | 2 | | | | | | | |
| | 3 | Ayisha Combs | 930 | 9 | 11.3 | | | |
| | 4 | | | | | | | |
| Thursday | | John Gonzales | 930 | 9 | | 11.3 | | |
| | 2 | | | | | | | |
| | 3 | Ayisha Combs | off | off | off | | | |
| | 4 | | | | | | | |
| Friday | 1. | John Gonzales | 2 | 9 | | 7 | | |
| | 2 | | | | | | | |
| | 3 | Ayisha Combs | 10 | 3 | 5 | | | |
| | 4 | | | | | | | |
| Saturday | 1 | John Gonzales | 10 | 6 | | 8 | | |
| | 2 | | | | | | | |
| | 3 | Ayisha Combs | off | off | off | | | |
| | 4 | | | | | | | |
| Sunday | 1. | John Gonzales | 10 | 530 | | 7.3 | | |
| | 2 | | | | | | | |
| | 3 | Ayisha Combs | 2 | 6 | 4 | | | |
| | 4 | | | | 31.3 | 44.9 | | |

| | EMPLOYEE (FULL NAME) | TOTAL HOURS EACH EMPLOYEE | | initials |
|---|---|---|---|---|
| 1 | John Gonzales | 45hrs | 30 min | |
| 2 | | | | |
| 3 | Ayisha Combs | 31hrs | 30 min | |
| 4 | | | | |

**Managers Signature:** ______________________

INSTRUCTIONS:

1. Employee must sign-in and out using exact times each working day in order to get paid for that day.
2. Fax this time sheet to your General Manager Sunday evening. They will use this to verify your payroll.
3. Keep a copy in the ihCompleted Time Sheetsle hanging folder at the store.

*Please list the actual time of entrance and departure of the showroom on daily basis.
· Only work hours authorized by the General Manager. Tally and initial hours Sunday night.
Fax to GM and keep original on file.

# EMPLOYEE "SIGN-IN" TIME SHEET

**STORE:** csa **WEEK ENDING:** 10.26

| Day | # | EMPLOYEE (FULL NAME) | TIME IN | TIME OUT | TOTAL HOURS | EMPLOYEE TO INITIAL | | |
|---|---|---|---|---|---|---|---|---|
| Monday | 1 | John Gonzales | 930 | 430 | 7 hrs | [initials] | | |
| | 2 | | | | | | | |
| | 3 | Ayisha Combs | 4 | 9 | 5 hrs | AC | | |
| | 4 | | | | | | | |
| Tuesday | 1 | John Gonzales | 10 | 9 | 11 hrs | [initials] | | |
| | 2 | | | | | | | |
| | 3 | Ayisha Combs | off | off | off | AC | | |
| | 4 | | | | | | | |
| wed. | 1 | John Gonzales | cel | cel | cel | [initials] | | |
| | 2 | | | | | | | |
| | 3 | Ayisha Combs | 10 | 9 | 11 hrs | AC | | |
| | 4 | | | | | | | |
| Thursday | | John Gonzales | 10 | 9 | 11hrs | [initials] | | |
| | 2 | | | | | | | |
| | 3 | Ayisha Combs | off | off | off | AC | | |
| | 4 | | | | | | | |
| Friday | 1. | John Gonzales | off | off | off | [initials] | | |
| | 2 | | | | | | | |
| | 3 | Ayisha Combs | 10 | 9 | 11 hrs | AC | | |
| | 4 | | | | | | | |
| Saturday | 1 | John Gonzales | 10 | 6 | 8 hrs | [initials] | | |
| | 2 | | | | | | | |
| | 3 | Ayisha Combs | CEL | CEL | cel | AC | | |
| | 4 | | | | | | | |
| Sunday | 1. | John Gonzales | 11 | 6 | 7 hrs | [initials] | | |
| | 2 | | | | | | | |
| | 3 | Ayisha Combs | cel | cel | | A | | |
| | 4 | | | | | | | |

| # | EMPLOYEE (FULL NAME) | TOTAL HOURS EACH EMPLOYEE | initials |
|---|---|---|---|
| 1 | John Gonzales | 44 hrs | [initials] |
| 2 | | | |
| 3 | Ayisha Combs | 27 hrs | |
| 4 | | | |

**Managers Signature:** [signature]

INSTRUCTIONS:

1. Employee must sign-in and out using exact times each working day in order to get paid for that day.
2. Fax this time sheet to your General Manager Sunday evening. They will use this to verify your payroll.
3. Keep a copy in the ihCompleted Time Sheetsle hanging folder at the store.

JFI016
7/8/99

***Please list the actual time of entrance and departure of the showroom on daily basis. Only work hours authorized by the General Manager. Tally and initial hours Sunday night. Fax to GM and keep original on file.**

# EMPLOYEE "SIGN-IN" TIME SHEET

STORE: CSA WEEK ENDING: 8.17.08

| Day | EMPLOYEE (FULL NAME) | TIME IN | TIME OUT | TOTAL HOURS | EMPLOYEE TO INITIAL |
|---|---|---|---|---|---|
| Monday | 1. Ayisha Combs | 2 pm | 9 | 7 | AC |
| | 2. John Gonzalez | 10 | 6 | 8 hrs | [initials] |
| | 3. | | | | |
| | 4. | | | | |
| Tuesday | 1. Ayisha C. | OFF | OFF | OFF | |
| | 2. | | | | |
| | 3. John Gonzalez | 10 | 9 | 11 hr | [initials] |
| | 4. | | | | |
| Wednesday | 1. Ayisha C | 9:45 | 9:05 | 11 hrs 30 m | |
| | 2. | | | | |
| | 3. John Gonzalez | OFF | OFF | OFF | [initials] |
| | 4. | | | | |
| Thursday | 1. Ayisha C | 2 | 9 | 7 hr | |
| | 2. | | | | |
| | 3. John Gonzalez | OFF | OF | OFF | [initials] |
| | 4. | | | | |
| Friday | 1. John Gonzalez | 10 | 9 | 11 hrs. | [initials] |
| | 2. | | | | |
| | 3. Ayisha Combs | OFF | OF | OFF | |
| | 4. | | | | |
| Saturday | 1. Ayisha C | 9:50 | 440 | 6 hrs 50 m | |
| | 2. | | | | |
| | 3. John Gonzalez | 10 | 6 | 8 hrs. | [initials] |
| | 4. | | | | |
| Sunday | 1. Ayisha C | 11 | 6 | 7 hrs | |
| | 2. | | | | |
| | 3. John Gonzalez | 11 | 530 | 6 hr 30 min | |
| | 4. | | | | |

| | EMPLOYEE (FULL NAME) | TOTAL HOURS EACH EMPLOYEE | INITIALS |
|---|---|---|---|
| 1. | Ayisha Combs | 38 hrs | AC |
| 2. | | | |
| 3. | John Gonzalez | 44 hr 30 m. | |
| 4. | | | |

**Managers Signature:** [signature]

INSTRUCTIONS:

1. Employee must sign-in and out using exact times each working day in order to get paid for that day.
2. Fax this time sheet to your General Manager Sunday evening. They will use this to verify your payroll.
3. Keep a copy in the "Completed Time Sheets" hanging folder at the store.

JF1016
7/8/99

***Please list the actual time of entrance and departure of the showroom on daily basis. Only work hours authorized by the General Manager. Tally and initial hours Sunday night Fax to GM and keep original on file.**

# EMPLOYEE "SIGN-IN" TIME SHEET

STORE: CSA WEEK ENDING: MARCH 30, 2008

| | EMPLOYEE (FULL NAME) | TIME IN | TIME OUT | TOTAL HOURS | EMPLOYEE TO INITIAL |
|---|---|---|---|---|---|
| Monday | 1. John Gonzales | 930 | 9:0 | 11 hrs 30m | [initials] |
| | 2. | | | | |
| | 3. | | | | |
| | 4. | | | | |
| Tuesday | 1. Ayisha Combs | 9:40 | 9:08 | 11 hrs 28 min | |
| | 2. | | | | |
| | 3. | | | | |
| | 4. | | | | |
| Wednesday | 1. John Gonzales | 930 | 9:10 | 11 hrs 30m | [initials] |
| | 2. | | | | |
| | 3. | | | | |
| | 4. | | | | |
| Thursday | 1. John Gonzales | 930 | 9:10 | 11 hrs 30 | [initials] |
| | 2. | | | | |
| | 3. | | | | |
| | 4. | | | | |
| Friday | 1. John Gonzales | 930 | 9:10 | 11 hrs 30m | [initials] |
| | 2. | | | | |
| | 3. | | | | |
| | 4. | | | | |
| Saturday | 1. John Gonzales | 930 | 6:10 | 8 hrs 30min | [initials] |
| | 2. | | | | |
| | 3. | | | | |
| | 4. | | | | |
| Sunday | 1. John Gonzales | 11:10 | 6:0 | 7 hrs | [initials] |
| | 2. | | | | |
| | 3. | | | | |
| | 4. | | | | |

| | EMPLOYEE (FULL NAME) | TOTAL HOURS EACH EMPLOYEE | INITIALS |
|---|---|---|---|
| 1. | John Gonzales | 60 hrs 10 min | |
| 2. | | | |
| 3. | Ayisha Combs | 11 hrs 28 m | |
| 4. | | | |

**Managers Signature:** [signature]

INSTRUCTIONS:

1. Employee must sign-in and out using exact times each working day in order to get paid for that day.
2. Fax this time sheet to your General Manager Sunday evening. They will use this to verify your payroll
3. Keep a copy in the "Completed Time Sheets" hanging folder at the store.

***Please list the actual time of entrance and departure of the showroom on daily basis. Only work hours authorized by the General Manager. Tally and initial hours Sunday night. Fax to GM and keep original on file.**

# EMPLOYEE "SIGN-IN" TIME SHEET

## STORE: csa WEEK ENDING: 10.05.08

| Day | | EMPLOYEE (FULL NAME) | TIME IN | TIME OUT | | TOTAL HOURS | | EMPLOYEE TO INITIAL |
|---|---|---|---|---|---|---|---|---|
| Monday | 1 | John Gonzales | 10 | 9 | | 11 | | |
| | 2 | | | | | | | |
| | 3 | Ayisha Combs | off | off | off | | | |
| | 4 | | | | | | | |
| Tuesday | 1 | John Gonzales | 10 | 9 | | 11 | | |
| | 2 | | | | | | | |
| | 3 | Ayisha Combs | off | off | off | | | |
| | 4 | | | | | | | |
| wed. | 1 | John Gonzales | off | off | off | | | |
| | 2 | | | | | | | |
| | 3 | Ayisha Combs | 10 | 9 | | 11 | | |
| | 4 | | | | | | | |
| Thursday | | John Gonzales | 10 | 9 | | 11 | | |
| | 2 | | | | | | | |
| | 3 | Ayisha Combs | off | off | off | | | |
| | 4 | | | | | | | |
| Friday | 1. | John Gonzales | off | off | off | | | |
| | 2 | | | | | | | |
| | 3 | Ayisha Combs | 9.5 | 9.12 | | 11 | 17 | |
| | 4 | | | | | | | |
| Saturday | 1 | John Gonzales | 10 | 3.3 | | 5 | 30 | |
| | 2 | | | | | | | |
| | 3 | Ayisha Combs | 2 | 6 | | 4 | | |
| | 4 | | | | | | | |
| Sunday | 1. | John Gonzales | 11 | 4 | | 5 | | |
| | 2 | | | | | | | |
| | 3 | Ayisha Combs | 2 | 6 | | 4 | | |
| | 4 | | | | | | | |

| | EMPLOYEE (FULL NAME) | TOTAL HOURS EACH EMPLOYEE | | initials |
|---|---|---|---|---|
| 1 | John Gonzales | 42hrs | 30min | |
| 2 | | | | |
| 3 | Ayisha Combs | 30hrs | 17min | |
| 4 | | | | |

**Managers Signature:** ______________________

INSTRUCTIONS:

1. Employee must sign-in and out using exact times each working day in order to get paid for that day.
2. Fax this time sheet to your General Manager Sunday evening. They will use this to verify your payroll.
3. Keep a copy in the ihCompleted Time Sheetsie hanging folder at the store.

**"Please list the actual time of entrance and departure of the showroom on daily basis. Only work hours authorized by the General Manager. Tally and initial hours Sunday night. Fax to GM and keep original on file.**

# EMPLOYEE "SIGN-IN" TIME SHEET

STORE: CSA WEEK ENDING: 03.23.08

| | EMPLOYEE (FULL NAME) | TIME IN | TIME OUT | TOTAL HOURS | EMPLOYEE TO INITIAL |
|---|---|---|---|---|---|
| Monday | 1. John Gonzals | 930 | 9:10 | 11hrs 30 | [initials] |
| | 2. | | | | |
| | 3. | | | | |
| | 4. | | | | |
| Tuesday | 1. John Gonzals | 930 | 9:10 | 11hrs 30 | [initials] |
| | 2. | | | | |
| | 3. | | | | |
| | 4. | | | | |
| Wednesday | 1. John Gonzals | 945 | 9:10 | 11hrs 15min | [initials] |
| | 2. | | | | |
| | 3. | | | | |
| | 4. | | | | |
| Thursday | 1. Ayisha Combs | 940 | 9:10 | 11hrs 20min | |
| | 2. | | | | |
| | 3. | | | | |
| | 4. | | | | |
| Friday | 1. John Gonzals | 945 | 9:10 | 11hrs 15min | [initials] |
| | 2. | | | | |
| | 3. | | | | |
| | 4. | | | | |
| Saturday | 1. John Gonzals | 945 | 6:10 | 10hrs 15min | [initials] |
| | 2. | | | | |
| | 3. | | | | |
| | 4. | | | | |
| Sunday | 1. CLOSED | | | | |
| | 2. | | | | |
| | 3. | | | | |
| | 4. | | | | |

| | EMPLOYEE (FULL NAME) | TOTAL HOURS EACH EMPLOYEE | INITIALS |
|---|---|---|---|
| 1. | John Gonzals | 55 hrs 05 min | [initials] |
| 2. | | | |
| 3. | Ayisha Combs | 11hrs 20min | |
| 4. | | | |

**Managers Signature:** [signature]

INSTRUCTIONS.

1. Employee must sign-in and out using exact times each working day in order to get paid for that day.
2. Fax this time sheet to your General Manager Sunday evening. They will use this to verify your payroll.
3. Keep a copy in the "Completed Time Sheets" hanging folder at the store.

*Please list the actual time of entrance and departure of the showroom on daily basis. Only work hours authorized by the General Manager. Tally and initial hours Sunday night. Fax to GM and keep original on file.

# EMPLOYEE "SIGN-IN" TIME SHEET

STORE: CSA WEEK ENDING: 3.16.08

| | EMPLOYEE (FULL NAME) | TIME IN | TIME OUT | TOTAL HOURS | EMPLOYEE TO INITIAL |
|---|---|---|---|---|---|
| Monday | 1. John Gonzalo | 945 | 4:00 | 11hrs 15min | [initial] |
| | 2. Tabari palmer | 10:45am | 7:00 | | [initial] |
| | 3. | | | | |
| | 4. | | | | |
| Tuesday | 1. JOHN GONZALES | 945 | 9:00 | 11hrs 15min | [initial] |
| | 2. | | | | |
| | 3. | | | | |
| | 4. | | | | |
| Wednesday | 1. JOHN GONZALES | 945 | 9:00 | 11hrs 15min | [initial] |
| | 2. | | | | |
| | 3. | | | | |
| | 4. | | | | |
| Thursday | 1. Ayisha Combs | 930 | | 11hrs 30min | |
| | 2. | | | | |
| | 3. | | | | |
| | 4. | | | | |
| Friday | 1. Benoris Tony | 9:35 | 9:00 | 11.5 | [initial] |
| | 2. | | | | |
| | 3. | | | | |
| | 4. | | | | |
| Saturday | 1. JOHN GONZALES | 1045 | 6:00 | 7hrs 15min | [initial] |
| | 2. | | | | |
| | 3. | | | | |
| | 4. | | | | |
| Sunday | 1. JOHN GONZALE | 10:00 | 6:00 | 8hrs. | [initial] |
| | 2. | | | | |
| | 3. | | | | |
| | 4. | | | | |

| | EMPLOYEE (FULL NAME) | TOTAL HOURS EACH EMPLOYEE | INITIALS |
|---|---|---|---|
| 1. | John Gonzalo | 49 hrs | [initial] |
| 2. | | | |
| 3. | AYISHA COMBS | 11hs 30min. | |
| 4. | Benoris Tony | 11hrs 30min | |

Managers Signature: [signature]

INSTRUCTIONS

1. Employee must sign-in and out using exact times each work day [illegible]
2. Fax this time sheet to your General Manager Sunday evening. They will use this to verify your payroll
3. Keep a copy in the "Time Sheets" [illegible] at the store

**CSA Store**

---

**From:** CSA Store [csa@jenniferfurniture.com]
**Sent:** Thursday, January 01, 2009 3:16 PM
**To:** Atif Riaz
**Cc:** CEL Store
**Subject:** FW: SCHEDULE FOR NEXT WEEK (revised schedule)

-----Original Message-----
**From:** CSA Store [mailto:csa@jenniferfurniture.com]
**Sent:** Thursday, January 01, 2009 12:16 PM
**To:** CEL Store
**Subject:** FW: SCHEDULE FOR NEXT WEEK

HI,
HERE IS THE SCHEDULE FOR NEXT WEEK
PLEASE SEND CONFIRMATION FOR THE MEETING NEXT WEEK
CHARLIE AND AYISHA

-----Original Message-----
**From:** CSA Store [mailto:csa@jenniferfurniture.com]
**Sent:** Monday, December 29, 2008 5:50 PM
**To:** Atif Riaz
**Subject:** SCHEDULE FOR NEXT WEEK

**SCHEDULE WEEKENDING 01.11.09**
**CSA AND CEL**

| | MON | TUE | WED | THUR | FRI | SAT | SUN |
|---|---|---|---|---|---|---|---|
| | 5 | 6 | 7 | 8 | 9 | 10 | 11 |
| CSA | | | | | | | |
| john | 10>9 | 10>9 | CEL | !0>4 | OFF | 10>6 | 10>6 |
| ayisha | OFF | CRP | 10>9 | 4>9 | [illegible] | OFF | CEL |
| cel | | | | | | | |
| CHARLIE | 10>9 | 10>7 | | 10>9 | 10>7 | 10>6 | OFF |
| JOHN | | | 10>7 | | | | |
| AYISHA | | | | | | | |

## CSA Store

**From:** CSA Store [csa@jenniferfurniture.com]
**Sent:** Thursday, October 09, 2008 10:13 AM
**To:** Ariaz
**Subject:** JUL 14 TO AUG 3.xls

# OCT 13, 2008 TO NOV 2,2008

### CSA AND

| | MON 13 | TUE 14 | WED 15 | THUR 16 | FRI 17 | SAT 18 | SUN 19 |
|---|---|---|---|---|---|---|---|
| **CSA** | | | | | | | |
| JOHN | 10>2 | 10>9 | CEL | 10>9 | OFF | 10>6 | .11>6 |
| AYISHA | 2>9 | OFF | 10>9 | OFF | 10>9 | CEL | 2>6 |
| **CEL** | | | | | | | |
| CHARLIE | 10>9 | 10>9 | OFF | 10>9 | 10>9 | OFF | 10>6 |
| JOHN | OFF | OFF | 10>9 | OFF | OFF | OFF | OFF |
| AYISHA | OFF | OFF | OFF | OFF | OFF | 10>6 | OFF |

| | MON 20 | TUE 21 | WED 22 | THUR 23 | FRI 24 | SAT 25 | SUN 26 |
|---|---|---|---|---|---|---|---|
| **CSA** | | | | | | | |
| JOHN | 10>2 | OFF | CEL | 10>9 | OFF | 10>6 | 11>6 |
| AYISHA | 2>9 | OFF | 10>9 | OFF | 10>9 | CEL | 2>6 |
| **CEL** | | | | | | | |
| CHARLIE | 10>9 | 10>9 | OFF | 10>9 | 10>9 | OFF | 11>6 |
| JOHN | OFF | OFF | 10>9 | OFF | OFF | OFF | OFF |
| AYISHA | OFF | OFF | OFF | OFF | OFF | 10>6 | OFF |

| | MON 27 | TUE 28 | WED 29 | THUR 30 | FRI 31 | SAT 1 | SUN 2 |
|---|---|---|---|---|---|---|---|
| **CSA** | | | | | | | |
| JOHN | 10>2 | OFF | CEL | 10>9 | OFF | 10>6 | 11>2 |
| AYISHA | 2>9 | OFF | 10>9 | OFF | 10>9 | CEL | 2>6 |
| **CEL** | | | | | | | |
| CHARLIE | 10>9 | 10>9 | OFF | 10>9 | 10>9 | OFF | 11>6 |
| JOHN | OFF | OFF | 10>9 | OFF | OFF | OFF | OFF |

| AYISHA | OFF | OFF | OFF | **OFF** | **OFF** | **10>6** | OFF |
|---|---|---|---|---|---|---|---|

**CSA Store**

**From:** CSA Store [csa@jenniferfurniture.com]
**Sent:** Saturday, November 29, 2008 2:05 PM
**To:** Atif Riaz
**Subject:** SCHEDULE CSA/CEL
**Importance:** High

# DEC 1,2008 TO DEC 14,2008

NEED COVERAGE FOR CEL ON DEC 2

| | **MON 1** | **TUE 2** | **WED 3** | **THUR 4** | **FRI 5** | **SAT 6** | **SUN 7** |
|---|---|---|---|---|---|---|---|
| **csa** | | | | | | | |
| JOHN | 10>5 | 10>9 | **CEL** | 10>9 | **OFF** | OFF | OFF |
| AYISHA | 2>9 | **OFF** | 10>9 | **OFF** | 10>9 | 10>6 | 11>6 |
| cel | | | | | | | |
| CHARLIE | 10>9 | OFF | OFF | 10>9 | 10>7 | 10>6 | 11>6 |
| JOHN | | | 10>7 | | | | |
| AYISHA | | | | | | | |

| | **MON 8** | **TUE 9** | **WED 10** | **THUR 11** | **FRI 12** | **SAT 13** | **SUN 14** |
|---|---|---|---|---|---|---|---|
| JOHN | 10>9 | **10>9** | **CEL** | closed | **OFF** | **OFF** | **11>3** |
| AYISHA | **CEL** | OFF | 2>9 | OFF | 10>9 | **10>6** | **2>6** |
| cel | | | | | | | |
| CHARLIE | OFF | 10>7 | OFF | 10>9 | 10>7 | 10>6 | 11>6 |
| JOHN | | | 10>7 | | | | |
| AYISHA | 10>9 | | | | | | |

SSAC708 Jennifer Convertibles PAGE: 1
TIME 2:00 PM ACS/APVT (STORES LINE) RECEIVING REPORT DATE 04/29/08
FOR STORE CSA SAN RAFAEL FROM WAREHOUSE CALIFORNIA

| PO/RO # | VENDOR ITEM NUMBER | DESCRIPTION | SLIP # | CUST NAME | SHIP AFTER | BY | PC |
|---|---|---|---|---|---|---|---|
| | VENIC M9075-Q 616410 | COLUMBO QSLP | CSA008080 | THOMPSON | Y | 04/23/08 | SAN |
| | VENIC MTOIOIQ-MA | QSLP VISCO MATT | CSA008080 | THOMPSON | Y | 04/23/08 | SAN |
| | VENIC BEDSHTQ-SHEEIGBD | QUEEN SIZE BED SHEET | CSA008080 | THOMPSON | Y | 04/23/08 | SAN |

# NOV 24 TO DEC 7

| | MON 24 | TUE 25 | WED 26 | THUR 27 | FRI 28 | SAT 29 | SUN 30 |
|---|---|---|---|---|---|---|---|
| **CSA** | | | | **THANKSGIVING** | | | |
| JOHN | 10>3 | **10>9** | **OFF** | **CLOSED** | **10>9** | 10>6 | 11>3 |
| AYISHA | 2>9 | **OFF** | **10>7** | **0FF** | **CEL** | **CEL** | 2>6 |
| **CEL** | **24** | **25** | **26** | **27** | **28** | **29** | **30** |
| CHARLIE | 10>9 | 10>9 | 10>7 | **CLOSED** | 10>9 | OFF | 11>6 |
| JOHN | | | | | | | |
| AYISHA | | | | | **10>9** | 10>6 | |

| | MON 1 | TUE 2 | WED 3 | THUR 4 | FRI 5 | SAT 6 | SUN 7 |
|---|---|---|---|---|---|---|---|
| **CSA** | | | | | | | |
| JOHN | 10>3 | **10>9** | **CEL** | **10>9** | **OFF** | **OFF** | **OFF** |
| AYISHA | 2>9 | **OFF** | **10>9** | **0FF** | **10>9** | **10>6** | **11>6** |
| **CEL** | **1** | **2** | **3** | **4** | **5** | **6** | **7** |
| CHARLIE | 10>9 | **10>7** | **OFF** | **10>9** | **10>7** | **10>6** | **OFF** |
| JOHN | | | **10>7** | | | | |
| AYISHA | | | | | | | |

# DEC 8,2008 TO JAN 4,2009

| | MON | TUE | WED | THUR | FRI | SAT | SUN |
|---|---|---|---|---|---|---|---|
| | 8 | 9 | 10 | 11 | 12 | 13 | 14 |
| JOHN | 10>5 | 10>9 | **OFF** | 10>9 | **OFF** | 10>4 | 11>4 |
| AYISHA | 2>9 | **OFF** | 10>9 | **OFF** | 10>9 | 2>6 | 2>6 |

| | MON | TUE | WED | THUR | FRI | SAT | SUN |
|---|---|---|---|---|---|---|---|
| | 15 | 16 | 17 | 18 | 19 | 20 | 21 |
| JOHN | 10>4 | **10>9** | **10>2** | closed | **OFF** | **OFF** | **11>3** |
| AYISHA | **2>9** | **OFF** | 2>9 | **OFF** | 10>9 | **10>6** | **2>6** |

| | MON | TUE | WED | THUR | FRI | SAT | SUN |
|---|---|---|---|---|---|---|---|
| | 22 | 23 | 24 | 25 | 26 | 27 | 28 |
| | | | CHRISTMAS | | | | |
| JOHN | **10>3** | **10>9** | **OFF** | CLOSE | **OFF** | 10>6 | 10>3 |
| AYISHA | **2>9** | **OFF** | 10>4 | **OFF** | 10>9 | **OFF** | **2>6** |

| | MON | TUE | WED | THUR | FRI | SAT | SUN |
|---|---|---|---|---|---|---|---|
| | 29 | 30 | 31 | 1 | 2 | 3 | 4 |
| | | | NEW YEAR | | | | |
| JOHN | 10>4 | **10>9** | **OFF** | 11>7 | **OFF** | **10>6** | **11>3** |
| AYISHA | **2>9** | **OFF** | 10>7 | **11>7** | 10>9 | **OFF** | **2>6** |

**CSA Store**

**From:** CSA Store [csa@jenniferfurniture.com]
**Sent:** Sunday, November 30, 2008 11:28 AM
**To:** CEL Store
**Subject:** DEC 1 TO DEC 14 SCHEDULE

# DEC 1,2008 TO DEC 14,2008

| | MON 1 | TUE 2 | WED 3 | THUR 4 | FRI 5 | SAT 6 | S |
|---|---|---|---|---|---|---|---|
| **csa** | | | | | | | |
| JOHN | 10>5 | 10>9 | **OFF** | 10>9 | **OFF** | 10>6 | **OF** |
| AYISHA | 2>9 | **OFF** | 10>9 | **OFF** | 10>9 | **CEL** | 11> |
| cel | | | | | | | |
| CHARLIE | 10>9 | OFF | 10>7 | 10>9 | 10>7 | OFF | 11> |
| JOHN | | | | | | | |
| AYISHA | | | | | | 10>6 | |

| | MON 8 | TUE 9 | WED 10 | THUR 11 | FRI 12 | SAT 13 | S 1 |
|---|---|---|---|---|---|---|---|
| JOHN | 10>9 | **10>9** | **CEL** | 10>9 | **OFF** | **OFF** | **11>** |
| AYISHA | **CEL** | **OFF** | 2>9 | **OFF** | 10>9 | **10>6** | **2>6** |
| cel | | | | | | | |
| CHARLIE | OFF | 10>7 | OFF | 10>9 | 10>7 | 10>6 | 11> |
| JOHN | | | 10>7 | | | | |
| AYISHA | 10>9 | | | | | | |

*Please list the actual time of entrance and departure of the showroom on daily basis. Only work hours authorized by the General Manager. Tally and initial hours Sunday night. Fax to GM and keep original on file.

# EMPLOYEE "SIGN-IN" TIME SHEET

## STORE: csa WEEK ENDING: 10.05.08

| Day | # | EMPLOYEE (FULL NAME) | TIME IN | TIME OUT | | TOTAL HOURS | | EMPLOYEE TO INITIAL |
|---|---|---|---|---|---|---|---|---|
| Monday | 1 | John Gonzales | 10 | 9 | | 11 | | |
| | 2 | | | | | | | |
| | 3 | Ayisha Combs | off | off | off | | | |
| | 4 | | | | | | | |
| Tuesday | 1 | John Gonzales | 10 | 9 | | 11 | | |
| | 2 | | | | | | | |
| | 3 | Ayisha Combs | off | off | off | | | |
| | 4 | | | | | | | |
| wed. | 1 | John Gonzales | off | off | off | | | |
| | 2 | | | | | | | |
| | 3 | Ayisha Combs | 10 | 9 | | 11 | | |
| | 4 | | | | | | | |
| Thursday | | John Gonzales | 10 | 9 | | 11 | | |
| | 2 | | | | | | | |
| | 3 | Ayisha Combs | off | off | off | | | |
| | 4 | | | | | | | |
| Friday | 1. | John Gonzales | off | off | off | | | |
| | 2 | | | | | | | |
| | 3 | Ayisha Combs | 9.5 | 9.12 | | 11 | 17 | |
| | 4 | | | | | | | |
| Saturday | 1 | John Gonzales | 10 | 3.3 | | 5 | 30 | |
| | 2 | | | | | | | |
| | 3 | Ayisha Combs | 2 | 6 | | 4 | | |
| | 4 | | | | | | | |
| Sunday | 1. | John Gonzales | 11 | 4 | | 5 | | |
| | 2 | | | | | | | |
| | 3 | Ayisha Combs | 2 | 6 | | 4 | | |
| | 4 | | | | | | | |

| # | EMPLOYEE (FULL NAME) | TOTAL HOURS EACH EMPLOYEE | | initials |
|---|---|---|---|---|
| 1 | John Gonzales | 42hrs | 30min | |
| 2 | | | | |
| 3 | Ayisha Combs | 30hrs | 17min | |
| 4 | | | | |

**Managers Signature:** ____________________

INSTRUCTIONS:

1. Employee must sign-in and out using exact times each working day in order to get paid for that day.
2. Fax this time sheet to your General Manager Sunday evening. They will use this to verify your payroll.
3. Keep a copy in the ihCompleted Time Sheetsie hanging folder at the store.

JF1016
7/8/99

*Please list the actual time of entrance and departure of the showroom on daily basis. Only work hours authorized by the General Manager. Tally and initial hours Sunday night. Fax to GM and keep original on file.

# EMPLOYEE "SIGN-IN" TIME SHEET

STORE: CSA WEEK ENDING: MARCH 30, 2008

| | EMPLOYEE (FULL NAME) | TIME IN | TIME OUT | TOTAL HOURS | EMPLOYEE TO INITIAL |
|---|---|---|---|---|---|
| Monday | 1. John Gonzales | 930 | 9:10 | 11hrs 30m | [initials] |
| | 2. | | | | |
| | 3. | | | | |
| | 4. | | | | |
| Tuesday | 1. Ayisha Combs | 9:40 | 9:08 | 11hrs 28min | |
| | 2. | | | | |
| | 3. | | | | |
| | 4. | | | | |
| Wednesday | 1. John Gonzales | 930 | 9:10 | 11hrs 30m | [initials] |
| | 2. | | | | |
| | 3. | | | | |
| | 4. | | | | |
| Thursday | 1. John Gonzales | 930 | 9:10 | 11hrs 30 | [initials] |
| | 2. | | | | |
| | 3. | | | | |
| | 4. | | | | |
| Friday | 1. John Gonzales | 930 | 9:10 | 11hrs 30m | [initials] |
| | 2. | | | | |
| | 3. | | | | |
| | 4. | | | | |
| Saturday | 1. John Gonzales | 930 | 6:10 | 8hrs 30min | [initials] |
| | 2. | | | | |
| | 3. | | | | |
| | 4. | | | | |
| Sunday | 1. John Gonzales | 11:10 | 6:0 | 7hrs | [initials] |
| | 2. | | | | |
| | 3. | | | | |
| | 4. | | | | |

| | EMPLOYEE (FULL NAME) | TOTAL HOURS EACH EMPLOYEE | INITIALS |
|---|---|---|---|
| 1. | John Gonzales | 60hrs 10min. | |
| 2. | | | |
| 3. | Ayisha Combs | 11hrs 28m | |
| 4. | | | |

**Managers Signature:** [signature]

INSTRUCTIONS:

1. Employee must sign-in and out using exact times each working day in order to get paid for that day.
2. Fax this time sheet to your General Manager Sunday evening. They will use this to verify your payroll.
3. Keep a copy in the "Completed Time Sheets" hanging folder at the store.

*Please list the actual time of entrance and departure of the showroom on daily basis. Only work hours authorized by the General Manager. Tally and initial hours Sunday night. Fax to GM and keep original on file.

# EMPLOYEE "SIGN-IN" TIME SHEET

STORE: CSA WEEK ENDING: 03.23.08

| | EMPLOYEE (FULL NAME) | TIME IN | TIME OUT | TOTAL HOURS | EMPLOYEE TO INITIAL |
|---|---|---|---|---|---|
| Monday | 1. John Gonzals | 930 | 9:10 | 11hrs 30 | [initials] |
| | 2. | | | | |
| | 3. | | | | |
| | 4. | | | | |
| Tuesday | 1. John Gonzals | 930 | 9:10 | 11hrs 30 | [initials] |
| | 2. | | | | |
| | 3. | | | | |
| | 4. | | | | |
| Wednesday | 1. John Gonzals | 945 | 9:10 | 11hrs 15min | [initials] |
| | 2. | | | | |
| | 3. | | | | |
| | 4. | | | | |
| Thursday | 1. Ayisha Combs | 940 | 9:10 | 11hrs 20min | |
| | 2. | | | | |
| | 3. | | | | |
| | 4. | | | | |
| Friday | 1. John Gonzaly | 945 | 9:10 | 11hrs 15min | [initials] |
| | 2. | | | | |
| | 3. | | | | |
| | 4. | | | | |
| Saturday | 1. John Gonzals | 945 | 6:10 | 10hrs 15min | [initials] |
| | 2. | | | | |
| | 3. | | | | |
| | 4. | | | | |
| Sunday | 1. CLOSED | | | | |
| | 2. | | | | |
| | 3. | | | | |
| | 4. | | | | |

| | EMPLOYEE (FULL NAME) | TOTAL HOURS EACH EMPLOYEE | INITIALS |
|---|---|---|---|
| 1. | John Gonzals | 55hrs 05min | [initials] |
| 2. | | | |
| 3. | Ayisha Combs | 11hrs 20min | |
| 4. | | | |

**Managers Signature:** [signature]

INSTRUCTIONS

1. Employee must sign-in and out using exact times each working day in order to get paid for that day.
2. Fax this time sheet to your General Manager Sunday evening. They will use this to verify your payroll.
3. Keep a copy in the "Completed Time Sheets" hanging folder at the store.

*Please list the actual time of entrance and departure of the showroom on daily basis. Only work hours authorized by the General Manager. Tally and initial hours Sunday night. Fax to GM and keep original on file.

# EMPLOYEE "SIGN-IN" TIME SHEET

STORE: CSA WEEK ENDING: 3.16.08

| | | EMPLOYEE (FULL NAME) | TIME IN | TIME OUT | TOTAL HOURS | EMPLOYEE TO INITIAL |
|---|---|---|---|---|---|---|
| Monday | 1. | John Gonzalez | 945 | 9:00 | 11hrs 15min | [initials] |
| | 2. | Tabari palmer | 10:45am | 7:00 | | [initials] |
| | 3. | | | | | |
| | 4. | | | | | |
| Tuesday | 1. | JOHN GONZALES | 945 | 9:00 | 11hrs 15min | [initials] |
| | 2. | | | | | |
| | 3. | | | | | |
| | 4. | | | | | |
| Wednesday | 1. | JOHN GONZALES | 945 | 9:00 | 11hrs 15min | [initials] |
| | 2. | | | | | |
| | 3. | | | | | |
| | 4. | | | | | |
| Thursday | 1. | Aysha Combs | 9 30 | | 11hrs 30min | |
| | 2. | | | | | |
| | 3. | | | | | |
| | 4. | | | | | |
| Friday | 1. | Benoris Tony | 9:35 | 9:00 | 11:5 | [initials] |
| | 2. | | | | | |
| | 3. | | | | | |
| | 4. | | | | | |
| Saturday | 1. | JOHN GONZALES | 1045 | 6:00 | 7hrs 15min | [initials] |
| | 2. | | | | | |
| | 3. | | | | | |
| | 4. | | | | | |
| Sunday | 1. | JOHN GONZALE | 10:00 | 6:00 | 8hrs. | [initials] |
| | 2. | | | | | |
| | 3. | | | | | |
| | 4. | | | | | |

| | EMPLOYEE (FULL NAME) | TOTAL HOURS EACH EMPLOYEE | INITIALS |
|---|---|---|---|
| 1. | John Gonzalez | 49 hrs | [initials] |
| 2. | | | |
| 3. | AYISHA COMBS | 11hs 30min. | |
| 4. | Benoris Tony | 11hrs 50min | |

Managers Signature: [signature]

INSTRUCTIONS

1. Employee must sign-in and out using exact times each work day [illegible]
2. Fax this time sheet to your General Manager Sunday evening. They will use this to verify your payroll
3. Keep a copy in the "Completed Time Sheets" binder [illegible] at the store

# *EXHIBIT 3*

# N.C.S.O.

# NO CUSTOMER STANDS OUTSIDE!

We must be available when our customers are out shopping.
We must open on time, and remain opened all operating hours without exception!!

**No Customer Stands Outside!**

# *EXHIBIT 4*

| ıxes | 190.86 | 1,495.41 |
|---|---|---|

THIS DOCUMENT HAS A VOID PANTOGRAPH, MICROPRINTING, THERMOCHROMIC INK AND ARTIFICIAL WATERMARK ON THE BACK. HOLD AT ANGLE TO VIEW.

**ennifer Convertibles, Inc.** Direct Deposit Advice

| Check Date | Voucher Number |
|---|---|
| August 10, 2007 | 140613 |

| irect Deposit Voucher | Direct Deposit | Type | Amount |
|---|---|---|---|
| | | C | 874.76 |

**Ayisha Combs**

| **Total Direct Deposits** | **874.76** |
|---|---|

MP

Non Negotiable - This is not a check - Non Negotiable

# Ayisha Combs

# Jennifer Convertibles, Inc.

# Earnings Statement

366 GRAND AVENUE
# 233
OAKLAND, CA 94610

| | |
|---|---|
| Employee Id | **8726** |
| Soc Sec Nbr | **XXX-XX-9781** |
| Level 1 | **H8Z** |
| Store | **CCB** |
| Department | **900** |
| Check Date | **August 10, 2007** |
| Period Ending | **August 5, 2007** |
| Voucher Number | **140613** |
| Net Pay | **874.76** |
| Dir Dep Amount | **874.76** |

| **Earnings** | **Rate** | **Hours** | **Amount** | **YTD Amt** |
|---|---|---|---|---|
| Bonus | | | 250.00 | 625.00 |
| Reg | | | 801.76 | 8,301.76 |
| Spiff | | | | 294.16 |
| **Gross Earnings** | | | **1,051.76** | **9,220.92** |

| **Deductions** | **Amount** | **YTD Amt** |
|---|---|---|
| Petty | -13.86 | -41.58 |
| **Deductions** | **-13.86** | **-41.58** |

| **Taxes** | **Status** | **Taxable** | **Amount** | **YTD Amt** |
|---|---|---|---|---|
| CA | S-2 | 1,051.76 | 15.20 | 87.56 |
| CASDI-E | | 1,051.76 | 6.32 | 55.33 |
| FITW | S-2 | 1,051.76 | 88.88 | 647.12 |
| MED | | 1,051.76 | 15.25 | 133.70 |
| SS | | 1,051.76 | 65.21 | 571.70 |

| **Direct Deposits** | **Type** | **Amount** |
|---|---|---|
| | C | 874.76 |
| **Total Direct Deposits** | | **874.76** |

**Ayisha Combs** **Jennifer Convertibles, Inc.** **Earnings Statement**

66 GRAND AVENUE
233
OAKLAND, CA 94610

| | | | | | |
|---|---|---|---|---|---|
| Employee Id | 8726 | Level 1 | H8Z | Check Date | September 7, 2007 |
| Soc Sec Nbr | XXX-XX-9781 | Store | CCB | Period Ending | September 2, 2007 |
| | | Department | 900 | | |

| | |
|---|---|
| Voucher Number | 141240 |
| Net Pay | 1,060.35 |
| Dir Dep Amount | 1,060.35 |

| Earnings | Rate | Hours | Amount | YTD Amt |
|---|---|---|---|---|
| Bonus | | | 400.00 | 1,025.00 |
| Comm | | | | 519.09 |
| Mgr | | | 100.00 | 100.00 |
| Reg | | | 801.76 | 9,905.28 |
| Spiff | | | | 588.58 |
| **Gross Earnings** | | | **1,301.76** | **12,137.95** |

| Deductions | Amount | YTD Amt |
|---|---|---|
| Petty | -6.93 | -62.37 |
| **Deductions** | **-6.93** | **-62.37** |

| Taxes | Status | Taxable | Amount | YTD Amt |
|---|---|---|---|---|
| CA | S-2 | 1,301.76 | 29.56 | 168.71 |
| CASDI-E | | 1,301.76 | 7.81 | 72.83 |
| FITW | S-2 | 1,301.76 | 111.38 | 938.36 |
| MED | | 1,301.76 | 18.88 | 176.00 |
| SS | | 1,301.76 | 80.71 | 752.55 |
| **Taxes** | | | **248.34** | **2,108.45** |

| Direct Deposits | Type | Amount |
|---|---|---|
| | C | 1,060.35 |
| **Total Direct Deposits** | | **1,060.35** |

THIS DOCUMENT HAS A VOID PANTOGRAPH, MICROPRINTING, THERMOCHROMIC INK AND ARTIFICIAL WATERMARK ON THE BACK. HOLD AT ANGLE TO VIEW.

**Jennifer Convertibles, Inc.** Direct Deposit Advice

| **Check Date** | **Voucher Number** |
|---|---|
| September 7, 2007 | 141240 |

| Direct Deposit Voucher | Direct Deposit | Type | Amount |
|---|---|---|---|
| | | C | 1,060.35 |
| **Ayisha Combs** | **Total Direct Deposits** | | **1,060.35** |

MP

Non Negotiable - This is not a check - Non Negotiable

| xes | 364.70 | 1,860.11 |
|---|---|---|

THIS DOCUMENT HAS A VOID PANTOGRAPH, MICROPRINTING, THERMOCHROMIC INK AND ARTIFICIAL WATERMARK ON THE BACK. HOLD AT ANGLE TO VIEW.

**ennifer Convertibles, Inc.**

Direct Deposit Advice

| Check Date | Voucher Number |
|---|---|
| August 24, 2007 | 140929 |

| rect Deposit Voucher | Direct Deposit | Type | Amount |
|---|---|---|---|
| | | C | 1,264.43 |

**Ayisha Combs**

| Total Direct Deposits | 1,264.43 |
|---|---|

MP

Non Negotiable - This is not a check - Non Negotiable

## Ayisha Combs

## Jennifer Convertibles, Inc.

## Earnings Statement

366 GRAND AVENUE
# 233
OAKLAND, CA 94610

| | | | | | |
|---|---|---|---|---|---|
| Employee Id | 8726 | Level 1 | H8Z | Check Date | August 24, 2007 |
| Soc Sec Nbr | XXX-XX-9781 | Store | CCB | Period Ending | August 19, 2007 |
| | | Department | 900 | | |
| | | | | Voucher Number | 140929 |
| | | | | Net Pay | 1,264.43 |
| | | | | Dir Dep Amount | 1,264.43 |

| Earnings | Rate | Hours | Amount | YTD Amt |
|---|---|---|---|---|
| Bonus | | | | 625.00 |
| Comm | | | 519.09 | 519.09 |
| Reg | | | 801.76 | 9,103.52 |
| Spiff | | | 294.42 | 588.58 |
| **Gross Earnings** | | | **1,615.27** | **10,836.19** |

| Deductions | Amount | YTD Amt |
|---|---|---|
| Petty | -13.86 | -55.44 |
| **Deductions** | **-13.86** | **-55.44** |

| Taxes | Status | Taxable | Amount | YTD Amt |
|---|---|---|---|---|
| CA [illegible] | S-2 | 1,615.27 | 51.59 | 139.15 |
| [illegible] | | 1,615.27 | 9.69 | 65.02 |
| [illegible] | S-2 | 1,615.27 | 179.86 | 826.98 |
| [illegible] | | 1,615.27 | 23.42 | 157.12 |
| [illegible] | | 1,615.27 | 100.14 | 671.84 |

| Direct Deposits | Type | Amount |
|---|---|---|
| | C | 1,264.43 |
| Total Direct Deposits | | 1,264.43 |

**ɩyisha Combs** | **Jennifer Convertibles, Inc.** | **Earnings Statement**

ı6 GRAND AVENUE
233
AKLAND, CA 94610

| | | | | | |
|---|---|---|---|---|---|
| Employee Id | 8726 | Level I | H8Z | Check Date | September 20, 2007 |
| Soc Sec Nbr | XXX-XX-9781 | Store | CCB | Period Ending | September 16, 2007 |
| | | Department | 900 | | |

| | |
|---|---|
| Voucher Number | 141548 |
| Net Pay | 1,344.53 |
| Dir Dep Amount | 1,344.53 |

| arnings | Rate | Hours | Amount | YTD Amt |
|---|---|---|---|---|
| onus | | | | 1,025.00 |
| omm | | | 425.86 | 944.95 |
| ɩgr | | | 200.00 | 300.00 |
| eg | | | 801.76 | 10,707.04 |
| ɔiff | | | 251.15 | 839.73 |
| **ɩross Earnings** | | | **1,678.77** | **13,816.72** |

| Deductions | Amount | YTD Amt |
|---|---|---|
| Petty | -13.86 | -76.23 |
| **Deductions** | **-13.86** | **-76.23** |

| 'axes | Status | Taxable | Amount | YTD Amt |
|---|---|---|---|---|
| :A | S-2 | 1,678.77 | 56.67 | 225.38 |
| :ASDI-E | | 1,678.77 | 10.07 | 82.90 |
| ITW | S-2 | 1,678.77 | 152.93 | 1,091.29 |
| ɅED | | 1,678.77 | 24.34 | 200.34 |
| S | | 1,678.77 | 104.09 | 856.64 |
| **Taxes** | | | **348.10** | **2,456.55** |

| Direct Deposits | Type | Amount |
|---|---|---|
| | C | 1,344.53 |
| **Total Direct Deposits** | | **1,344.53** |

THIS DOCUMENT HAS A VOID PANTOGRAPH, MICROPRINTING, THERMOCHROMIC INK AND ARTIFICIAL WATERMARK ON THE BACK. HOLD AT ANGLE TO VIEW.

**Jennifer Convertibles, Inc.** Direct Deposit Advice

| Check Date | Voucher Number |
|---|---|
| September 20, 2007 | 141548 |

| Direct Deposit Voucher | Direct Deposit | Type | Amount |
|---|---|---|---|
| | | C | 1,344.53 |
| **Ayisha Combs** | **Total Direct Deposits** | | **1,344.53** |

MP

Non Negotiable - This is not a check - Non Negotiable

**ıyisha Combs** **Jennifer Convertibles, Inc.** **Earnings Statement**

›6 GRAND AVENUE
233
AKLAND, CA 94610

| | | | | | |
|---|---|---|---|---|---|
| Employee Id | 8726 | Level 1 | H8Z | Check Date | June 21, 2007 |
| Soc Sec Nbr | XXX-XX-9781 | Store | CCB | Period Ending | June 16, 2007 |
| | | Department | 900 | | |

Voucher Number 139426
Net Pay 26.96
Dir Dep Amount 26.96

| arnings | Rate | Hours | Amount | YTD Amt |
|---|---|---|---|---|
| onus | | | | 100.00 |
| eg | | | | 5,094.72 |
| piff | | | 29.40 | 140.40 |
| **ross Earnings** | | | **29.40** | **5,335.12** |

| Deductions | Amount | YTD Amt |
|---|---|---|
| No Deductions | | |
| **Deductions** | **0.00** | **0.00** |

| 'axes | Status | Taxable | Amount | YTD Amt |
|---|---|---|---|---|
| :A | S-2 | 29.40 | | 39.61 |
| :ASDI-E | | 29.40 | 0.18 | 32.01 |
| TTW | S-2 | 29.40 | | 339.79 |
| ⁄IED | | 29.40 | 0.43 | 77.36 |
| ·S | | 29.40 | 1.83 | 330.78 |
| **'axes** | | | **2.44** | **819.55** |

| Direct Deposits | Type | Amount |
|---|---|---|
| | C | 26.96 |
| **Total Direct Deposits** | | **26.96** |

THIS DOCUMENT HAS A VOID PANTOGRAPH, MICROPRINTING, THERMOCHROMIC INK AND ARTIFICIAL WATERMARK ON THE BACK. HOLD AT ANGLE TO VIEW.

**Jennifer Convertibles, Inc.** Direct Deposit Advice

**Check Date** June 21, 2007
**Voucher Number** 139426

| Direct Deposit Voucher | Direct Deposit | Type | Amount |
|---|---|---|---|
| | | C | 26.96 |

**Ayisha Combs**

**Total Direct Deposits** **26.96**

MP

Non Negotiable - This is not a check - Non Negotiable

| axes | | 163.60 | 1,304.55 |
|---|---|---|---|

THIS DOCUMENT HAS A VOID PANTOGRAPH, MICROPRINTING, THERMOCHROMIC INK AND ARTIFICIAL WATERMARK ON THE BACK. HOLD AT ANGLE TO VIEW.

ennifer Convertibles, Inc.

Direct Deposit Advice

| Check Date | Voucher Number |
|---|---|
| July 27, 2007 | 140294 |

| rect Deposit Voucher | Direct Deposit | Type | Amount |
|---|---|---|---|
| | | C | 802.02 |

**Ayisha Combs**

| Total Direct Deposits | 802.02 |
|---|---|

MP

Non Negotiable - This is not a check - Non Negotiable

## Ayisha Combs

## Jennifer Convertibles, Inc.

## Earnings Statement

56 GRAND AVENUE
233
AKLAND, CA 94610

| | | | | | |
|---|---|---|---|---|---|
| Employee Id | 8726 | Level 1 | H8Z | Check Date | July 27, 2007 |
| Soc Sec Nbr | XXX-XX-9781 | Store | CCB | Period Ending | July 22, 2007 |
| | | Department | 900 | | |

| | |
|---|---|
| Voucher Number | 140294 |
| Net Pay | 802.02 |
| Dir Dep Amount | 802.02 |

| arnings | Rate | Hours | Amount | YTD Amt |
|---|---|---|---|---|
| onus | | | 150.00 | 375.00 |
| eg | | | 801.76 | 7,500.00 |
| Diff | | | | 294.16 |
| oss Earnings | | | 951.76 | 8,169.16 |

| Deductions | Amount | YTD Amt |
|---|---|---|
| Petty | -13.86 | -27.72 |
| Deductions | -13.86 | -27.72 |

| axes | Status | Taxable | Amount | YTD Amt |
|---|---|---|---|---|
| A | S-2 | 951.76 | 11.20 | 72.36 |
| ASDI-E | | 951.76 | 5.71 | 49.01 |
| TW | S-2 | 951.76 | 73.88 | 558.24 |
| ED | | 951.76 | 13.80 | 118.45 |
| | | 951.76 | 59.01 | 506.49 |

| Direct Deposits | Type | Amount |
|---|---|---|
| | C | 802.02 |
| Total Direct Deposits | | 802.02 |

| ıxes | | 122.72 | 942.27 |
|---|---|---|---|

THIS DOCUMENT HAS A VOID PANTOGRAPH, MICROPRINTING, THERMOCHROMIC INK AND ARTIFICIAL WATERMARK ON THE BACK. HOLD AT ANGLE TO VIEW.

**ennifer Convertibles, Inc.** Direct Deposit Advice

**Check Date** June 29, 2007

**Voucher Number** 139649

| irect Deposit Voucher | Direct Deposit | Type | Amount |
|---|---|---|---|
| | | C | 679.04 |

**Ayisha Combs**

| **Total Direct Deposits** | **679.04** |
|---|---|

MP

Non Negotiable - This is not a check - Non Negotiable

**ıyisha Combs** **Jennifer Convertibles, Inc.** **Earnings Statement**

›6 GRAND AVENUE
233
AKLAND, CA 94610

| Employee Id | 8726 | Level I | H8Z | Check Date | June 29, 2007 |
|---|---|---|---|---|---|
| Soc Sec Nbr | XXX-XX-9781 | Store | CCB | Period Ending | June 24, 2007 |
| | | Department | 900 | | |

| | |
|---|---|
| Voucher Number | 139649 |
| Net Pay | 679.04 |
| Dir Dep Amount | 679.04 |

| arnings | Rate | Hours | Amount | YTD Amt |
|---|---|---|---|---|
| ›nus | | | | 100.00 |
| ›g | | | 801.76 | 5,896.48 |
| ›iff | | | | 140.40 |
| ·oss Earnings | | | 801.76 | 6,136.88 |

| Deductions | Amount | YTD Amt |
|---|---|---|
| No Deductions | | |
| Deductions | 0.00 | 0.00 |

| axes | Status | Taxable | Amount | YTD Amt |
|---|---|---|---|---|
| ι | S-2 | 801.76 | 5.20 | 44.81 |
| ιSDI-E | | 801.76 | 4.81 | 36.82 |
| TW | S-2 | 801.76 | 51.38 | 391.17 |
| ED | | 801.76 | 11.62 | 88.98 |
| ; | | 801.76 | 49.71 | 380.49 |

| Direct Deposits | Type | Amount |
|---|---|---|
| | C | 679.04 |
| Total Direct Deposits | | [illegible] |

**.yisha Combs** | **Jennifer Convertibles, Inc.** | **Earnings Statement**

6 GRAND AVENUE
:33
\KLAND, CA 94610

| | | | | | |
|---|---|---|---|---|---|
| Employee Id | 8726 | Level 1 | H8Z | Check Date | June 13, 2008 |
| Soc Sec Nbr | XXX-XX-9781 | Store | CCB | Period Ending | June 8, 2008 |
| | | Department | 900 | | |

| | |
|---|---|
| Check Number | 149108 |
| Net Pay | 1,193.48 |
| Check Amount | 1,193.48 |

| ırnings | Rate | Hours | Amount | YTD Amt |
|---|---|---|---|---|
| ·nus | | | | 450.00 |
| ·mm | | | 387.19 | 387.19 |
| ɜr | | | 200.00 | 2,067.50 |
| g | | | 600.00 | 8,614.96 |
| iff | | | 271.60 | 940.82 |
| **oss Earnings** | | | **1,458.79** | **12,460.47** |

| Deductions | Amount | YTD Amt |
|---|---|---|
| Petty | -13.86 | -159.39 |
| **Deductions** | **-13.86** | **-159.39** |

| ıxes | Status | Taxable | Amount | YTD Amt |
|---|---|---|---|---|
| ı | S-2 | 1,458.79 | 37.46 | 176.52 |
| ıSDI-E | | 1,458.79 | 11.67 | 99.68 |
| ΓW | S-2 | 1,458.79 | 118.43 | 717.86 |
| ƎD | | 1,458.79 | 21.16 | 180.68 |
| | | 1,458.79 | 90.45 | 772.55 |
| **ıxes** | | | **279.17** | **1,947.29** |

| Direct Deposits | Type | Amount |
|---|---|---|
| No Direct Deposits | | |

| xes | 145.01 | 699.37 |
|---|---|---|

.yisha Combs **Jennifer Convertibles, Inc.** **Earnings Statement**

| | | | | | | |
|---|---|---|---|---|---|---|
| 6 GRAND AVENUE | Employee Id | 8726 | Level 1 | H8Z | Check Date | March 7, 2008 |
| 233 | Soc Sec Nbr | XXX-XX-9781 | Store | CCB | Period Ending | March 2, 2008 |
| AKLAND, CA 94610 | | | Department | 900 | | |
| | | | | | Check Number | 147131 |
| | | | | | Net Pay | 855.61 |
| | | | | | Check Amount | 855.61 |

| arnings | Rate | Hours | Amount | YTD Amt |
|---|---|---|---|---|
| onus | | | | 100.00 |
| gr | | | 185.00 | 832.50 |
| eg | | | 801.76 | 3,607.92 |
| oiff | | | | 248.22 |
| ross Earnings | | | 986.76 | 4,788.64 |

| Deductions | Amount | YTD Amt |
|---|---|---|
| Petty | -13.86 | -62.37 |
| Deductions | -13.86 | -62.37 |

| axes | Status | Taxable | Amount | YTD Amt |
|---|---|---|---|---|
| | S-2 | 986.76 | 11.75 | 52.95 |
| | | 986.76 | 7.89 | 38.31 |
| | S-2 | 986.76 | 49.88 | 241.77 |
| | | 986.76 | 14.31 | 69.44 |
| | | 986.76 | 61.18 | 296.90 |

| Direct Deposits | Type | Amount |
|---|---|---|
| No Direct Deposits | | |

**Ayisha Combs** **Jennifer Convertibles, Inc.** **Earnings Statement**

366 GRAND AVENUE
# 233
OAKLAND, CA 94610

| | | | |
|---|---|---|---|
| Employee Id | 8726 | Level 1 | H8Z |
| Soc Sec Nbr | XXX-XX-9781 | Store | CCB |
| | | Department | 900 |

| | |
|---|---|
| Check Date | February 8, 200! |
| Period Ending | February 3, 200! |
| Check Number | 14732: |
| Net Pay | 868.74 |
| Check Amount | 868.74 |

| Earnings | Rate | Hours | Amount | YTD Amt |
|---|---|---|---|---|
| Bonus | | | | 100.00 |
| Mgr | | | 200.00 | 477.50 |
| Reg | | | 801.76 | 2,004.40 |
| Spiff | | | | 159.05 |
| rnings | | | 1,001.76 | 2,740.95 |

| Deductions | Amount | YTD Am |
|---|---|---|
| Petty | -13.86 | -34.65 |
| Deductions | -13.86 | -34.65 |

| | Status | Taxable | Amount | YTD Amt |
|---|---|---|---|---|
| | S-2 | 1,001.76 | 12.35 | 26.48 |
| | | 1,001.76 | 8.02 | 21.93 |
| | S-2 | 1,001.76 | 49.88 | 128.64 |
| | | 1,001.76 | 14.52 | 39.74 |
| | | 1,001.76 | 62.11 | 169.94 |
| Taxes | | | 146.88 | 386.73 |

| Direct Deposits | Type | Amount |
|---|---|---|
| No Direct Deposits | | |



**Ayisha Combs** **Jennifer Convertibles, Inc.** **Earnings Statemen**

585 WISTERIA WAY
SAN RAFAEL, CA 94903

| | | | | | |
|---|---|---|---|---|---|
| Employee Id | 8726 | Level 1 | H8Z | Check Date | October 17, 200 |
| Soc Sec Nbr | XXX-XX-9781 | Store | CSA | Period Ending | October 12, 200 |
| | | Department | 900 | | |

| | |
|---|---|
| Voucher Number | 15070 |
| Net Pay | 812.2: |
| Dir Dep Amount | 812.2: |

| Earnings | Rate | Hours | Amount | YTD Amt |
|---|---|---|---|---|
| Bonus | | | | 485.00 |
| Comm | | | 239.10 | 2,310.14 |
| Mgr | | | | 2,707.50 |
| Reg | | | 600.00 | 14,014.96 |
| Spiff | | | 145.30 | 1,661.42 |
| Gross Earnings | | | 984.40 | 21,179.02 |

| Deductions | Amount | YTD Am |
|---|---|---|
| Petty | | -207.9( |
| Deductions | 0.00 | -207.90 |

| Taxes | Status | Taxable | Amount | YTD Amt |
|---|---|---|---|---|
| CA | S-2 | 984.40 | 11.66 | 286.64 |
| CASDI-E | | 984.40 | 7.87 | 169.43 |
| FITW | S-2 | 984.40 | 77.28 | 1,302.70 |
| MED | | 984.40 | 14.28 | 307.10 |
| SS | | 984.40 | 61.03 | 1,313.10 |
| Taxes | | | 172.12 | 3,378.97 |

| Direct Deposits | Type | Amount |
|---|---|---|
| | C | 812.28 |
| Total Direct Deposits | | 812.2£ |

THIS DOCUMENT HAS A VOID PANTOGRAPH, MICROPRINTING, THERMOCHROMIC INK AND ARTIFICIAL WATERMARK ON THE BACK. HOLD AT ANGLE TO VIEW.

**Jennifer Convertibles, Inc.** Direct Deposit Advice

| Check Date | Voucher Number |
|---|---|
| October 17, 2008 | 150702 |

| Direct Deposit Voucher | Direct Deposit | Type | Amount |
|---|---|---|---|
| | | C | 812.28 |
| | Total Direct Deposits | | 812.28 |

**Ayisha Combs**

Non Negotiable - This is not a check - Non Negotiable

| Taxes | 223.64 | 2,680.19 |
|---|---|---|

THIS DOC...ENT HAS A VOID PANTOGRAPH, MICROPRINTING, THERMOCHROMIC INK AND ARTIFICIAL WATERMARK ON THE BACK. HOLD AT ANGLE TO VIEW.

Jenn...r Convertibles, Inc.

Direct Deposit Advice

Check Date: October 5, 2007

Voucher Number: 141864

| Direct Deposit Voucher | Direct Deposit | Type | Amount |
|---|---|---|---|
| | | C | 1,058.88 |

Ayisha Combs

| Total Direct Deposits | 1,058.88 |
|---|---|

MP

Non Negotiable - This is not a check - Non Negotiable

## Ayisha Combs

366 GRAND AVENUE
# 233
OAKLAND, CA 94610

## Jennifer Convertibles, Inc.

## Earnings Statement

| | |
|---|---|
| Employee Id | 8726 |
| Soc Sec Nbr | XXX-XX-9781 |
| Level 1 | H8Z |
| Store | CCB |
| Department | 900 |
| Check Date | October 5, 2007 |
| Period Ending | September 30, 2007 |
| Voucher Number | 141864 |
| Net Pay | 1,058.88 |
| Dir Dep Amount | 1,058.88 |

| Earnings | Rate | Hours | Amount | YTD Amt |
|---|---|---|---|---|
| Bonus | | | | 1,025.00 |
| Comm | | | 266.90 | 1,211.85 |
| Mgr | | | 200.00 | 500.00 |
| Reg | | | 801.76 | 11,508.80 |
| Spiff | | | | 839.73 |
| **Gross Earnings** | | | **1,268.66** | **15,085.38** |

| Deductions | Amount | YTD Amt |
|---|---|---|
| Petty | -13.86 | -90.09 |
| **Deductions** | **-13.86** | **-90.09** |

| Taxes | Status | Taxable | Amount | YTD Amt |
|---|---|---|---|---|
| CA | S-2 | 1,268.66 | 27.57 | 252.95 |
| CASDI-E | | 1,268.66 | 7.61 | 90.51 |
| FITW | S-2 | 1,268.66 | 91.41 | 1,182.70 |
| MED | | 1,268.66 | 18.40 | 218.74 |
| SS | | 1,268.66 | 78.65 | 935.29 |

| Direct Deposits | Type | Amount |
|---|---|---|
| | C | 1,058.88 |
| **Total Direct Deposits** | | **1,058.88** |

**Ayisha Combs** | **Jennifer Convertibles, Inc.** | **Earnings Statement**

585 WISTERIA WAY
SAN RAFAEL, CA 94903

| | | | | | |
|---|---|---|---|---|---|
| Employee Id | 8726 | Level 1 | H8Z | Check Date | February 6, 2009 |
| Soc Sec Nbr | XXX-XX-9781 | Store | CSA | Period Ending | February 1, 2009 |
| | | Department | 900 | | |

| | |
|---|---|
| Voucher Number | 153412 |
| Net Pay | 525.77 |
| Dir Dep Amount | 525.77 |

| Earnings | Rate | Hours | Amount | YTD Amt |
|---|---|---|---|---|
| Bonus | | | | 50.00 |
| Comm | | | | 208.10 |
| Reg | | | 600.00 | 1,800.00 |
| Gross Earnings | | | 600.00 | 2,058.10 |

| Deductions | Amount | YTD Amt |
|---|---|---|
| No Deductions | | |
| Deductions | 0.00 | 0.00 |

| Taxes | Status | Taxable | Amount | YTD Amt |
|---|---|---|---|---|
| CA | S-2 | 600.00 | | 5.20 |
| CASDI-E | | 600.00 | 6.60 | 22.64 |
| FITW | S-2 | 600.00 | 21.73 | 99.87 |
| MED | | 600.00 | 8.70 | 29.84 |
| [illegible] | | 600.00 | 37.20 | 127.60 |
| Taxes | | | 74.23 | 285.15 |

| Direct Deposits | Type | Amount |
|---|---|---|
| | C | 525.77 |
| Total Direct Deposits | | 525.77 |

THIS DOCUMENT HAS A VOID PANTOGRAPH, MICROPRINTING, THERMOCHROMIC INK AND ARTIFICIAL WATERMARK ON THE BACK. HOLD AT ANGLE TO VIEW.

**Jennifer Convertibles, Inc.**

Direct Deposit Advice

| Check Date | Voucher Number |
|---|---|
| February 6, 2009 | 153412 |

| Direct Deposit Voucher | Direct Deposit | Type | Amount |
|---|---|---|---|
| | | C | 525.77 |
| | Total Direct Deposits | | 525.77 |

**Ayisha Combs**

MP

Non Negotiable - This is not a check - Non Negotiable

**Ayisha Combs** | **Jennifer Convertibles, Inc.** | **Earnings Statement**

583 WISTERIA WAY
SAN RAFAEL, CA 94903

| | | | | | |
|---|---|---|---|---|---|
| Employee Id | 8726 | Level 1 | H8Z | Check Date | January 9, 2009 |
| Soc Sec Nbr | XXX-XX-9781 | Store | CSA | Period Ending | January 4, 2009 |
| | | Department | 900 | | |

| | |
|---|---|
| Voucher Number | 152715 |
| Net Pay | 525.77 |
| Dir Dep Amount | 525.77 |

| Earnings | Rate | Hours | Amount | YTD Amt |
|---|---|---|---|---|
| Reg | | | 600.00 | 600.00 |
| Gross Earnings | | | 600.00 | 600.00 |

| Deductions | Amount | YTD Amt |
|---|---|---|
| No Deductions | | |
| Deductions | 0.00 | 0.00 |

| Taxes | Status | Taxable | Amount | YTD Amt |
|---|---|---|---|---|
| CASDI-E | | 600.00 | 6.60 | 6.60 |
| FITW | S-2 | 600.00 | 21.73 | 21.73 |
| MED | | 600.00 | 8.70 | 8.70 |
| SS | | 600.00 | 37.20 | 37.20 |
| [illegible] | | | | 74.23 |

| Direct Deposits | Type | Amount |
|---|---|---|
| | C | 525.77 |

THIS DOCUMENT HAS A VOID PANTOGRAPH, MICROPRINTING, THERMOCHROMIC INK AND ARTIFICIAL WATERMARK ON THE BACK. HOLD AT ANGLE TO VIEW.

**Jennifer Convertibles, Inc.** | Direct Deposit Advice | **Check Date** January 9, 2009 | **Voucher Number** 152715

| Direct Deposit Voucher | Direct Deposit | Type | Amount |
|---|---|---|---|
| | | C | 525.77 |

**Ayisha Combs**

| | |
|---|---|
| **Total Direct Deposits** | 525.77 |

MP

Non Negotiable - This is not a check - Non Negotiable

**Ayisha Combs** — **Jennifer Convertibles, Inc.** — **Earnings Statement**

585 WISTERIA WAY
SAN RAFAEL, CA 94903

| | | | | | |
|---|---|---|---|---|---|
| Employee Id | 8726 | Level 1 | H8Z | Check Date | December 26, 2008 |
| Soc Sec Nbr | XXX-XX-9781 | Store | CSA | Period Ending | December 21, 2008 |
| | | Department | 900 | | |

| | |
|---|---|
| Voucher Number | 152374 |
| Net Pay | 939.59 |
| Dir Dep Amount | 939.59 |

| Earnings | Rate | Hours | Amount | YTD Amt |
|---|---|---|---|---|
| Bonus | | | 50.00 | 660.00 |
| Comm | | | 321.09 | 2,890.82 |
| Mgr | | | | 2,707.50 |
| Reg | | | 600.00 | 17,014.96 |
| Spiff | | | 190.00 | 1,920.22 |
| Gross Earnings | | | 1,161.09 | 25,193.50 |

| Deductions | Amount | YTD Amt |
|---|---|---|
| Petty | | -207.90 |
| Deductions | 0.00 | -207.90 |

| Taxes | Status | Taxable | Amount | YTD Amt |
|---|---|---|---|---|
| CA | S-2 | 1,161.09 | 19.60 | 318.10 |
| CASDI-E | | 1,161.09 | 9.29 | 201.55 |
| FITW | S-2 | 1,161.09 | 103.78 | 1,558.99 |
| MED | | 1,161.09 | [illegible] | [illegible] |
| Taxes | | | 221.50 | 4,006.98 |

| Direct Deposits | Type | Amount |
|---|---|---|
| | C | 939.59 |

THIS DOCUMENT HAS A VOID PANTOGRAPH, MICROPRINTING, THERMOCHROMIC INK AND ARTIFICIAL WATERMARK ON THE BACK. HOLD AT ANGLE TO VIEW.

**Jennifer Convertibles, Inc.** — Direct Deposit Advice

| Check Date | Voucher Number |
|---|---|
| December 26, 2008 | 152374 |

| Direct Deposit Voucher | Direct Deposit | Type | Amount |
|---|---|---|---|
| | | C | 939.59 |

**Ayisha Combs**

| | |
|---|---|
| **Total Direct Deposits** | 939.59 |

MP

Non Negotiable - This is not a check - Non Negotiable

# Ayisha Combs

## Jennifer Convertibles, Inc.

## Earnings Statement

366 GRAND AVENUE
# 233
OAKLAND, CA 94610

| | |
|---|---|
| Employee Id | 8726 |
| Soc Sec Nbr | XXX-XX-9781 |
| Level 1 | H8Z |
| Store | CCB |
| Department | 900 |
| Check Date | April 4, 2008 |
| Period Ending | March 30, 2008 |
| Check Number | 148127 |
| Net Pay | 915.04 |
| Check Amount | 915.04 |

| Earnings | Rate | Hours | Amount | YTD Amt |
|---|---|---|---|---|
| Bonus | | | 100.00 | 300.00 |
| Mgr | | | 170.00 | 1,187.50 |
| Reg | | | 801.76 | 5,211.44 |
| Spiff | | | | 380.97 |
| **Gross Earnings** | | | **1,071.76** | **7,079.91** |

| Deductions | Amount | YTD Amt |
|---|---|---|
| Petty | -13.86 | -90.09 |
| **Deductions** | **-13.86** | **-90.09** |

| Taxes | Status | Taxable | Amount | YTD Amt |
|---|---|---|---|---|
| CA | S-2 | 1,071.76 | 15.15 | 91.20 |
| CASDI-E | | 1,071.76 | 8.57 | 56.64 |
| FITW | S-2 | 1,071.76 | 64.88 | 391.44 |
| MED | | 1,071.76 | 15.54 | 102.66 |
| SS | | 1,071.76 | 66.44 | 438.95 |
| **Taxes** | | | **170.58** | **1,080.89** |

| Direct Deposits | Type | Amount |
|---|---|---|
| No Direct Deposits | | |



*See Reverse Side For Easy Opening Instructions*

**Ayisha Combs** | **Jennifer Convertibles, Inc.** | **Earnings Statement**

366 GRAND AVENUE
# 233
OAKLAND, CA 94610

| | |
|---|---|
| Employee Id | 8726 |
| Soc Sec Nbr | XXX-XX-9781 |

| | |
|---|---|
| Level 1 | H8Z |
| Store | CCB |
| Department | 900 |

| | |
|---|---|
| Check Date | June 27, 2008 |
| Period Ending | June 22, 2008 |
| Check Number | 149321 |
| Net Pay | 885.08 |
| Check Amount | 885.08 |

| Earnings | Rate | Hours | Amount | YTD Amt |
|---|---|---|---|---|
| Bonus | | | 35.00 | 485.00 |
| Comm | | | 243.58 | 630.77 |
| Mgr | | | 155.00 | 2,222.50 |
| Reg | | | 600.00 | 9,214.96 |
| Spiff | | | | 940.82 |
| **Gross Earnings** | | | **1,033.58** | **13,494.05** |

| Deductions | Amount | YTD Amt |
|---|---|---|
| Petty | -13.86 | -173.25 |
| **Deductions** | **-13.86** | **-173.25** |

| Taxes | Status | Taxable | Amount | YTD Amt |
|---|---|---|---|---|
| CA | S-2 | 1,033.58 | 13.63 | 190.15 |
| CASDI-E | | 1,033.58 | 8.27 | 107.95 |
| FITW | S-2 | 1,033.58 | 61.40 | 779.26 |
| MED | | 1,033.58 | 14.98 | 195.66 |
| SS | | 1,033.58 | 64.08 | 836.63 |
| **Taxes** | | | **162.36** | **2,109.65** |

| Direct Deposits | Type | Amount |
|---|---|---|
| No Direct Deposits | | |



**\yisha Combs** **Jennifer Convertibles, Inc.** **Earnings Statement**

56 GRAND AVENUE
233
AKLAND, CA 94610

| | | | | | |
|---|---|---|---|---|---|
| Employee Id | 8726 | Level I | H8Z | Check Date | May 30, 2008 |
| Soc Sec Nbr | XXX-XX-9781 | Store | CCB | Period Ending | May 25, 2008 |
| | | Department | 900 | | |
| | | | | Check Number | 148910 |
| | | | | Net Pay | 705.97 |
| | | | | Check Amount | 705.97 |

| arnings | Rate | Hours | Amount | YTD Amt |
|---|---|---|---|---|
| onus | | | | 450.00 |
| lgr | | | 185.00 | 1,867.50 |
| eg | | | 600.00 | 8,014.96 |
| piff | | | | 669.22 |
| **iross Earnings** | | | **785.00** | **11,001.68** |

| Deductions | Amount | YTD Amt |
|---|---|---|
| Petty | -13.86 | -145.53 |
| **Deductions** | **-13.86** | **-145.53** |

| 'axes | Status | Taxable | Amount | YTD Amt |
|---|---|---|---|---|
| 'A | S-2 | 785.00 | 3.68 | 139.06 |
| 'ASDI-E | | 785.00 | 6.28 | 88.01 |
| ITW | S-2 | 785.00 | 22.88 | 599.43 |
| 1ED | | 785.00 | 11.38 | 159.52 |
| S | | 785.00 | 48.67 | 682.10 |
| **'axes** | | | **92.89** | **1,668.12** |

| Direct Deposits | Type | Amount |
|---|---|---|
| No Direct Deposits | | |



**.yisha Combs** **Jennifer Convertibles, Inc.** **Earnings Statement**

6 GRAND AVENUE
:33
\KLAND, CA 94610

| | | | |
|---|---|---|---|
| Employee Id | 8726 | Level 1 | H8Z |
| Soc Sec Nbr | XXX-XX-9781 | Store | CCB |
| | | Department | 900 |

| | |
|---|---|
| Check Date | November 30, 2007 |
| Period Ending | November 25, 2007 |
| Voucher Number | 143168 |
| Net Pay | 986.94 |
| Dir Dep Amount | 986.94 |

| arnings | Rate | Hours | Amount | YTD Amt |
|---|---|---|---|---|
| )nus | | | | 1,025.00 |
| )mm | | | 165.24 | 2,130.51 |
| gr | | | 200.00 | 1,285.00 |
| :g | | | 801.76 | 14,715.84 |
| )iff | | | | 1,445.05 |
| **ross Earnings** | | | **1,167.00** | **20,601.40** |

| Deductions | Amount | YTD Amt |
|---|---|---|
| Petty | -13.86 | -145.53 |
| **Deductions** | **-13.86** | **-145.53** |

| 'axes | Status | Taxable | Amount | YTD Amt |
|---|---|---|---|---|
| A | S-2 | 1,167.00 | 21.47 | 396.86 |
| ASDI-E | | 1,167.00 | 7.00 | 123.61 |
| ITW | S-2 | 1,167.00 | 76.17 | 1,622.53 |
| 1ED | | 1,167.00 | 16.92 | 298.72 |
| S | | 1,167.00 | 72.36 | 1,277.29 |
| **'axes** | | | **193.92** | **3,719.01** |

| Direct Deposits | Type | Amount |
|---|---|---|
| | C | 986.94 |
| **Total Direct Deposits** | | **986.94** |

THIS DOCUMENT HAS A VOID PANTOGRAPH, MICROPRINTING, THERMOCHROMIC INK AND ARTIFICIAL WATERMARK ON THE BACK. HOLD AT ANGLE TO VIEW.

**Jennifer Convertibles, Inc.** Direct Deposit Advice

| Check Date | Voucher Number |
|---|---|
| November 30, 2007 | 143168 |

| Direct Deposit Voucher | Direct Deposit | Type | Amount |
|---|---|---|---|
| | | C | 986.94 |
| | **Total Direct Deposits** | | **986.94** |

**Ayisha Combs**

MP

Non Negotiable - This is not a check - Non Negotiable