IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

AYISHA COMBS,

        Plaintiff,

  v.

JENNIFER CONVERTIBLES,

        Defendant.
                                    /

No. C 09-03242 SI

**ORDER DENYING PLAINTIFF'S MOTION FOR COLLECTIVE ACTION CERTIFICATION**

Plaintiff has filed a motion to certify a collective action under 29 U.S.C. § 216(b) of the Fair Labor Standards Act ("FLSA"). Having considered the papers submitted, and for good cause shown, the Court hereby DENIES plaintiff's motion as currently framed.

**BACKGROUND**

On July 16, 2009, plaintiff Ayisha Combs filed a complaint against her former employer, Jennifer Convertibles, Inc. ("JCI"). The complaint alleges, *inter alia*, that during their employment with JCI, plaintiff and the putative collective action members were required to work in excess of forty hours per week without the payment of overtime wages and other benefits. First Amended Complaint ("FAC") at 9 [Docket No. 23]. Plaintiff alleges that she worked as a non-exempt sales representative for JCI at various stores throughout the San Francisco Bay Area from approximately March 14, 2007 to March 24, 2009. Plf's Memo at 2 [Docket No. 20]. JCI stores were open Monday through Friday from 10:00 AM until 9:00 PM, Saturday from 10:00 AM until 6:00 PM, and Sunday from 11:00 AM until 6:00 PM. *Id.* Evidence submitted by plaintiff shows that stores were often staffed by a single individual who worked more than eight hours per day. *Id.* at 3; FAC Ex. 2.

Plaintiff alleges that JCI had a general policy and practice of requiring sales personnel to remain on duty at the store during the entire time the store was open to the public. Plf's Memo at 3. To support this allegation, plaintiff submitted a portion of the JCI sales training manual which contained policies requiring that the store remain open all operating hours without exception, and stated that when working alone, employees must bring food or drink or order for delivery to ensure they remained on duty at all times. *Id.*; FAC Ex. 1.

In the motion now before the Court, plaintiff seeks conditional certification of a nationwide collective class under the FLSA based on defendant's alleged failure to pay overtime compensation. The group to be certified for the purposes of this collective action is described as follows: "all individuals nationwide who, at any time during the three years preceding the filing of the Complaint in this action, were, or have been employed by JCI to work in its stores." Plf's Memo at 1, 3. Plaintiff estimates that JCI employed approximately 1100 in-store personnel in approximately 191 stores nationwide, and of these employees, approximately 200 were employed in California. *Id.* at 4.

## LEGAL STANDARD

Section 216(b) of the FLSA provides that one or more employees may bring a collective action "on behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). "[P]laintiffs need show only that their positions are similar, not identical, to the positions held by the putative class members." *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1096 (11th Cir. 1996). Plaintiffs bear the burden of demonstrating a "reasonable basis" for their claim of class-wide discrimination. *Id.* at 1097. "The plaintiffs may meet this burden, which is not heavy, by making substantial allegations of class-wide discrimination, that is, detailed allegations supported by affidavits which successfully engage defendants' affidavits to the contrary." *Id.*

Certification of a collective action under the FLSA involves a two-tiered analysis with a lenient threshold for conditional certification during the first stage.[1] *Id.*; *Wynn v. NBC*, 234 F. Supp. 2d 1067,

---

[1] 29 U.S.C. § 216 (b) does not define "similarly situated" and district courts have applied various approached to the certification process. Although the Ninth Circuit has not definitively chosen a method of analysis, the court has emphasized the distinction between Rule 23 class actions and FLSA collective

1082 (C.D. Cal. 2002). At the initial "notice stage," the court determines whether the plaintiffs are similarly situated, deciding whether a collective action should be certified for the purpose of sending notice of the action to potential class members. *See Thiessen v. Gen. Elec. Cap. Corp.*, 267 F.3d 1095, 1102 (10th Cir. 2001). For conditional certification at this "notice stage," the court requires substantial allegations, supported by declarations or discovery, that "the putative class members were together the victims of a single decision, policy, or plan." *Id.*; *Sperling v. Hoffman-La Roche, Inc.*, 118 F.R.D. 392, 406 (D.N.J. 1988). "[U]nsupported assertions of widespread violations are not sufficient to meet Plaintiff's burden." *Edwards v. City of Long Beach*, 467 F. Supp. 2d 986, 990 (C.D. Cal. 2006) (internal citations omitted). Upon conditional certification, notice is given to potential class members who must "opt in" to be bound by the suit. 29 U.S.C. § 216(b). The defendant may then move to decertify.

**DISCUSSION**

Plaintiff seeks certification of a collective action for her FLSA overtime pay claim. In support of the certification motion, plaintiff has submitted a declaration describing her work experience with JCI and documents relating to her work, including copies of her pay stubs and timecards, evidence of store policies, and JCI's SEC filing. *See* FAC Ex. 1 & 2; Harris Decl. Ex. 1. Plaintiff alleges that she is similarly situated with the collective action members in that: (a) plaintiff and the proposed class members were employed by JCI; (b) plaintiff and the proposed class members were not paid overtime and minimum wages for all hours worked; (c) JCI knowingly and willfully violated provisions of the FLSA by not paying plaintiff and the proposed class members all wages due; and (d) as a result of JCI's practice, plaintiff and the proposed class members have been similarly damaged in that they have not received timely payment in full of all wages earned. FAC ¶ 56. Plaintiff has also submitted the declaration of Evelyn Carlson, an expert in evaluating payroll systems, who asserts that the identity of each proposed collective action member and the overtime compensation owed to him or her are readily ascertainable, making the management of this collective action efficient. *See* Carlson Decl. ¶¶ 9-11.

---

actions. *See, e.g.*, *McElmurry v. U.S. Bank, Nat'l Ass'n*, 495 F.3d.1136, 1139 (9th Cir. 2007). Additionally, the majority of courts, including district courts within this circuit, prefer an ad hoc, two-tiered approach to certification. *See Wynn*, 234 F. Supp. 2d at 1082.

Plaintiff seeks conditional certification of the proposed class so that all individuals employed by defendant in its stores during the class period may be given notice and be allowed to give their consent in writing, or "opt in" to the collective action, pursuant to 29 U.S.C. § 216(b). *Id.* ¶ 58.

Defendant opposes certification on several grounds, including that plaintiff has not demonstrated that she is similarly situated to the proposed class members and that plaintiff has identified an unmanageable and overbroad class. Specifically, defendant asserts that the class is not limited to any particular position, job duties or geographic region; moreover, the class as proposed includes employees who are exempt from overtime eligibility. In support of these assertions, defendant has submitted nineteen declarations from JCI employees attesting to the variation in job duties and rate of compensation based upon variables including position, experience, location and size of store, sales volume, and merchandise.[2] *See* App'x of JCI Employees [Docket No. 29]. Defendant further asserts that even if conditional certification is granted, it should be limited in scope.

Taking plaintiff's allegations as true, plaintiff's declaration and the supporting evidence are sufficient to support a cause of action under the FLSA on plaintiff's own behalf. However, the issue presented by this motion is whether plaintiff's papers and supporting evidence satisfy the "similarly situated" requirement for certification of a collective action under the FLSA. Plaintiff contends that the evidence provided and accompanying memo satisfy the similarly situated test in that "JCI categorically failed to pay overtime compensation to its in store workers while simultaneously requiring them to work more than eight hours a day and forty hours a week."

The Court concludes that the class, as presently defined, is not appropriate for certification. First, and most significantly, plaintiff does not limit the proposed class in any meaningful way. For example, the proposed class presently includes all JCI employees, regardless of their job title and

---

[2] Plaintiff objects to these declarations on the ground JCI failed to disclose these witnesses pursuant to Fed. R. Civ. P. 26(a)(1)(A) & 37(c)(1). Under Federal Rule of Civil Procedure 26, parties are under a duty to supplement or correct their initial Rule 26 disclosures at appropriate intervals. *See* Fed. R. Civ. P. 26(e)(1). Defendant's initial disclosures named two individuals (one of which was plaintiff) along with "other witness–current and former JCI employees" but did not provide any additional names. Defendant did not supplement its disclosures before submitting the declarations of nineteen JCI employees in support of its opposition to plaintiff's current motion. Plaintiff is correct that this is a violation of Fed. R. Civ. P. 26. The Court did not consider the substance of these declarations when ruling on the present motion.

4

responsibilities. Under the FLSA, however, exempt commissioned salespersons are not entitled to overtime compensation. *See* 29 U.S.C. 207(I). Accordingly, a class that includes such exempt salespersons cannot be certified for the purpose of a trying a claim based on failure to pay overtime. In addition, the plaintiff's own evidence seems to indicate that at times, plaintiff was paid commissions for her sales. Thus, it is unclear if plaintiff is in fact a non-exempt employee, raising doubts as to plaintiff's propriety as a class representative. Even assuming plaintiff can serve as a class representative, plaintiff does not limit the proposed class to include only those employees who in fact were not paid for overtime hours.

Second, plaintiff submits very little evidence in support of her motion. Plaintiff's complaint, affidavits and supporting exhibits establish that she routinely worked unpaid overtime. What is not established by plaintiff's submission, however, is that plaintiff's experiences are shared by any of the proposed members of the collective action. The evidence of a storewide policy requiring employees working a shift alone to remain on the premises at all times supports plaintiff's proposition that other store employees were not permitted adequate breaks. Had plaintiff defined the proposed class more narrowly to include only non-exempt salespersons who in fact did not receive overtime pay and/or proper breaks, the Court may have been inclined to grant certification based on evidence of JCI's policy. Under the broad class definition plaintiff has advanced, however, the Court must conclude that plaintiff has not met her burden of proof with respect to the similarly-situated requirement. Plaintiff's motion for collective action certification, as presently framed, is therefore DENIED.[3]

The Court denies plaintiff's motion without prejudice, so that plaintiff may proceed on her individual claims or may renew the certification motion at a later time with a revised class definition and additional supporting evidence. The Court expresses no view at this time on the merits of such a motion.

---

[3] As a final matter, plaintiff objects to Defendant's Statement of Recent Decision [Docket No. 34] on the ground the decision referenced in defendant's filing was actually published prior to the date on which defendant filed its opposition brief. Plaintiff objects that, under Civil Local Rule 7-3(d), a party may not purport to submit a "new" authority under such circumstances. Plaintiff's objection is proper. In any event, the Court did not rely on the authority referenced by defendant in ruling on plaintiff's motion.

**CONCLUSION**

For the foregoing reasons and for good cause shown, the Court hereby DENIES plaintiff's motion for conditional certification. [Docket No. 190].

**IT IS SO ORDERED.**

Dated: February 26, 2010

SUSAN ILLSTON
United States District Judge